May 20th, 1859.

---

# SUPREME COURT—APRIL TERM—1859.

---

James Howland *vs.* Samuel Jacobs—Motion for a New Trial.

According to the general rule, affidavits or declarations of jurors, showing misconduct in making up their verdict, will be rejected.

And if in any exceptional case, affidavits of such a character should be admitted, the names of the jurors whose misconduct was relied on, would be required to be specified, so that counter affidavits by the opposite party might be filed.

Repeatedly ruled by this Court, that a new trial will not be granted, for the reason urged, that the verdict is against the weight of evidence, unless it clearly appears that the verdict is so manifestly against evidence as to lead to the conviction, that either a mistake has been committed, or that injustice has been done through an abuse of power on the part of the jury.

Proof of a new, distinct, and material fact, of which no evidence had been given at the former trial, though such specific fact had a bearing upon the main fact put in issue by the defense; as for example, proof of certain declarations made by the plaintiff after his connection with the defendant had ceased, and shortly before the action was commenced, and which were inconsistent with the facts adduced by said plaintiff at the trial, held not cumulative, and the defendant's motion for a new trial granted.

James Howland *v.* Samuel Jacobs.

Judge ROBERTSON delivered the decision of the Court as follows :

This is an action of assumpsit, in which the plaintiff claimed from the defendant the sum of $250 for labor and services done and performed for the defendant, on his farm at Kailua, on this island. The jury rendered a verdict in favor of the plaintiff for $107 75.

The defendant now moves the Court to grant a new trial, on the following grounds, viz :

1.  That the verdict is contrary to the evidence and the law.

2.  That the jury in rendering their verdict were influenced by suppositions and inductions, not derivable from the evidence and contrary to fact ; and,

3.  That since the trial of the cause, defendant has discovered new and material evidence.

We will dispose of the second of these grounds before we consider the others. The verdict in favor of the plaintiff was found by nine out of the twelve jurors, the other three dissenting ; and now the defendant presents, in support of the second ground on which his motion is based, the affidavit of one of the dissenting jurors, to the effect that some of the jurors who agreed in finding the verdict, gave as a reason for so doing, that they believed the defendant had been engaged in distilling spirits from the *ki* root, of which there was no proof, and had employed the plaintiff in working at that business, in addition to the other work expressly proven. In corroboration of this affidavit, the defendant's counsel presents his own affidavit to the same effect, based upon the statements of some of the jurors made to him after the trial. We are of the opinion, as is contended on the part of the plaintiff, that these affidavits are inadmissible ; first, as being excluded by the general rule, which forbids the reception of the affidavits or declarations of jurors, to show misconduct in making up their verdict ; and, secondly, because neither of these affidavits specifies the name of any particular juror, as having declared that his mind was influenced by extraneous considerations. These objections are well taken. In the United States, and in England, ever since the case of Vaise *vs.* Delaval, (1 Durnford & East, p. 11,) in which judgment was given by Lord Mansfield, the uniform ruling of the

Courts, with scarcely an exception, has been to exclude the declarations of jurors from being received for the purpose of impeaching a verdict by showing misconduct on the part of the jury ; and although there may seem to be force in the consideration urged in this case, that the juror whose affidavit is presented in support of the motion, was not a party to the verdict, yet the principal reason of the rule remains applicable. The jury make up and deliver their verdict under the solemnity of an oath, and no declarations of theirs can be received to controvert its truth, by showing misconduct on their part. Such is the general rule, and we think its soundness unquestionable. And if in any exceptional case we should feel constrained to admit affidavits of the character now offered, we should certainly require the names of any jurors whose misconduct was relied on, to be specified, in order that the other party might have an opportunity to avail himself of the right to file counter affidavits.

In regard to another of the reasons urged for the granting of a new trial, namely, that the verdict is against the weight of evidence, we would remark that it has been repeatedly ruled in this Court, in conformity, we believe, with the vast preponderance of authority on the subject, that a new trial will not be granted on the ground here assigned, unless the verdict is so manifestly against evidence as to render it clear that a mistake has been committed, or that injustice has been done through an abuse of power on the part of the jury. In the present case, evidence proper to be weighed by the jury was adduced on both sides, and, even if the finding of the jury did seem to us against the preponderance of evidence, yet we would not feel justified in setting aside the verdict on that account. It is the province of the jury to respond to the facts, while the Court responds to the law; and while the Court, in the exercise of its supervisory control, will take care to prevent any party from suffering injustice through an abuse of power on the part of the jury, it will at the same time carefully abstain from anything like a usurpation to itself of the proper functions of the jury.

The last ground assigned in favor of the motion is, that since the trial of this cause the defendant has discovered new and important evidence. He states in his affidavit that, since the

trial, he has been informed by one George Crane that he had a
conversation with the plaintiff, in the month of January last, in
which the plaintiff made certain statements and admissions re-
specting his relations with the defendant, of such a nature as
would materially affect the decision of this cause. The defend-
ant presents the affidavit of Crane himself, who deposes to his
having had a conversation with the plaintiff in the month of
January of the present year, when the plaintiff made the state-
ments in relation to his dealings with the defendant, which are
now brought forward as newly discovered evidence for the de-
fense.

It is objected to the granting of a new trial on this ground,
that the defendant might, by the exercise of due diligence, have
obtained the testimony of Crane before; and that the newly
discovered evidence is merely cumulative. We see nothing in
the circumstances of the case, which shows such a want of dili-
gence on the part of the defendant, in not procuring this testi-
mony before, as ought to lead us to refuse his motion for that
cause. And, while we regard some portions of Crane's proposed
testimony as clearly cumulative, and therefore of no value in
this proceeding, there are other parts of it to which we think
that objection does not fairly apply.

There is an apparent want of uniformity among the authori-
ties, in regard to the question of what evidence shall be consid-
ered cumulative, and what shall not. This arises, in a great
measure perhaps, from a want of precision in the use of lan-
guage, and from the great diversity of facts presented by dif-
ferent cases. For instance, in one case it is said, " Newly dis-
covered evidence, to be a ground for a new trial, should respect
a matter that has come to light since the trial, and on which the
party has never been heard." (U. S. Digest, vol. 5, p. 439, sec.
206.) In another case it is said, " In Mississippi, a new trial
will be awarded on the ground of newly discovered testimony;
and it seems that, although the newly discovered evidence is
intimately connected with some parts of the testimony at the
trial, yet if it be specifically distinct, and bear upon the issue, a
new trial will be granted." (Ibid, p. 439, sec. 221.) And in an-
other case it is said, " Cumulative evidence is evidence which
speaks to facts in relation to which there was evidence on the

trial." (Ibid, p. 440, sec. 233.) In the case of Warren *vs.* Hope, (6 Greenleaf's Rep., p. 415,) the Court, in specifying certain kinds of proof which would furnish ground for a new trial or review, used the following language: "When the newly discovered evidence relates to confessions or declarations of the other party as to some influential fact, unknown to the petitioner at the time of trial, and inconsistent with the proofs adduced and urged by such party." In the case of Sawyer *vs.* Merrill, (10 Pickering's Rep., p. 18,) the Court said, "After a trial, it is generally easy to find some additional or cumulative evidence; but the rule is, that there shall not be a new trial unless it is newly discovered evidence, and to some new point or ground of action or defense, to which the evidence given on the former trial did not apply." In some decisions it would seem to have been ruled that the newly discovered evidence should be evidence of a distinct kind, or species, from that given at the former trial. But this, we think, is not in strict conformity with the general tenor of authority. In the case of The People *vs.* Superior Court of New York, (10 Wendell's Rep., p. 294,) Savage, Ch. J., cited the meaning of the word *cumulative*, given in Webster's Dictionary, as follows: "That augments by addition; that is added to something else. In *law*, that augments as evidence, facts or arguments of the same kind." But that learned Judge added, "according to my understanding of cumulative evidence, it means additional evidence to support the same point, and which is of the same character with evidence already produced. For instance, the defendants in the Court below proved by the third teller that the bill in question was not delivered until after twelve o'clock; all subsequent witnesses who prove the same fact are *cumulative;* their testimony is added to or heaped upon that of the first witness."

It is, perhaps, less difficult to decide, in most cases, as to what evidence would clearly be considered cumulative, than it is to say what would not be so; and hence we have been led to examine this point with some care, with the view of arriving at a definition which may serve, in some measure, to guide us in future. Throughout the general current of the numerous cases which we have examined, the leading principle of decision seems to be almost the same in effect, although enunciated in

diverse forms of expression. When the defense is general, as in this case, and evidence was given at the trial of certain specific facts, tending as a whole to establish the general ground of defense, further evidence upon either of those specific facts would be cumulative. But the rule cannot be held to exclude, as cumulative, evidence of some new specific fact, having a bearing upon the main fact put in issue by the defense; for with such a construction of the rule, it would seem impossible that a new trial for new evidence could ever be obtained, in a case like the present. In this view of the rule we are fully sustained by the able decision of Woodbury, J., in the case of Aiken *vs.* Bemis (3 Woodbury & Minot's Rep., p. 358.)

Testimony was given at the trial, tending to prove by the plaintiff's own declarations, that in the month of May, 1858, after he had been living at the defendant's place for seven months or more, the defendant owed him nothing ; but that he was at that time indebted to the defendant thirty or forty dollars. Plaintiff had ceased to live with the defendant by the end of August, 1858. Crane states in his affidavit, that in the conversation he had with the plaintiff, in January last, plaintiff told him that "he was still owing Mr. Jacobs," and "that the defendant had done everything that was honorable to him, the plaintiff." Proof of such declarations made by the plaintiff, after he had ceased to live with defendant, and within two months of the time this action was commenced, is proof of a new, distinct, and material fact, of which no evidence was given at the former trial ; and we feel constrained to say, that, upon this showing, the defendant should have the opportunity of again submitting this case to a jury.

The motion for a new trial is granted, upon condition that the defendant pays one-half the costs accrued, the other half to abide the result of the new trial.

J. D. Blair, for the plaintiff.

C. C. Harris, for the defendant.