# LOIKA HAU *v.* PALOLO LAND AND IMPROVEMENT COMPANY, LIMITED, A CORPORATION.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED MAY 11, 1910.                    DECIDED MAY 16, 1910.

### HARTWELL, C.J., PERRY AND DE BOLT, JJ.

WATERS AND WATER COURSES—*dams, duty of owner.*

> The owner of a dam must use reasonable care and skill in so constructing and maintaining it that it will be capable of resisting the water of a stream in times of ordinary, usual, and expected freshets, and if he does not do so he will be liable for any injuries resulting from his neglect.

EVIDENCE—*supports findings.*

> There was evidence in this case to sustain the findings of the trial court.

### OPINION OF THE COURT BY DE BOLT, J.

This is an action of trespass on the case, brought by the plaintiff to recover the sum of $1000 for damages to her land and destruction of her crops and trees, caused, as she claims, by the breaking of a certain dam constructed and owned by the defendant. The land is situated on the Waiomao in Palolo valley, and at the time the damage complained of occurred, March 12, 1909, the plaintiff had then been residing thereon about five years. The land was improved and in a good state of cultivation. There was growing thereon a large quantity of taro, fruit trees, bananas, sugar cane and vegetables. The dam in question was constructed some three or four years prior to March 12, 1909. It was constructed in an opening in the rim of the crater of a small extinct volcano at the head of the Waiomao stream, the purpose being to use the crater as a reservoir in which to accumulate and impound a large quantity of water for irrigation and other purposes.

The case was tried, jury waived, and the court found for the

plaintiff in the sum of $703.25 and costs. The defendant saved a number of exceptions, but all were abandoned at the oral argument in this court, except one, namely, that the judgment of the circuit court was contrary to the law and the evidence; but upon an examination of the record before us we have no hesitancy in holding that the judgment was abundantly supported by the evidence and that it is free from legal objection.

Counsel for defendant in his oral argument, as well as in his brief, argued at length upon the evidence and the inferences to be drawn therefrom. These are questions exclusively within the province of the trial court. The decision of a circuit court, jury waived, is equivalent to a verdict of a jury, and will not be disturbed if supported by evidence. It is settled beyond question in this jurisdiction, that the findings of fact of a trial court, jury waived, have the same force as the verdict of a jury.

Now, with regard to the cause of damage to plaintiff's property: While there was, perhaps, some evidence to the contrary, there was, however, ample evidence to support the plaintiff's contention that the dam in question was not properly nor scientifically constructed; that it was not sufficiently strong for the purposes intended; and that in consequence of its negligent, defective and improper construction and insufficiency, and not as the result of an unusual freshet over which the defendant had no control, as is contended by counsel, the dam, at about 2 p. m. on the date mentioned, suddenly broke, permitting an immense volume of water to rush down the Waiomao stream, described by some of the witnesses as a great wave or billow twenty or twenty-five feet high. The force and volume of the water was such that it carried with it trees, fences, boulders, rocks, stone and gravel, and when it reached the premises of the plaintiff the result was that practically everything on the land was destroyed, and the land itself was rendered valueless for cultivation, being covered, as it was, with a deposit of from ten

to twenty inches, consisting of sand, gravel, pebbles, rocks and boulders.

Without specifically referring to all the evidence upon this phase of the case, suffice it to say, that it was sufficient to invoke the application of the following rule of law, the requirements of which the defendant is shown to have failed to observe in the construction and maintenance of its dam, namely: "The owner of a dam must use reasonable care and skill in so constructing and maintaining it that it will be capable of resisting the water of a stream in times of ordinary, usual, and expected freshets, and if he does not do so he will be liable for any injuries resulting from his neglect." 8 Am. & Eng. Ency. Law 717; *Gray v. Harris,* 107 Mass. 492; *N. Y.* v. *Bailey,* 2 Denio (N. Y.) 433; Angell on Water Courses, Sec. 336.

It is also urged that the damages awarded are excessive. We cannot concur in this view. Not only is there abundant evidence to support the finding of the circuit court in this regard, but there is also evidence tending to show that the value of the taro and trees destroyed was $300, and that it would cost $500 to remove the debris from the land and $100 to reopen the irrigation ditches, a total of $900, thus exceeding the amount awarded by $196.75. There being no error in the record and the evidence being sufficient to support the judgment of the lower court, the exceptions are overruled.

*M. F. Prosser, (Kinney, Ballou, Prosser & Anderson* on the brief) for plaintiff.

*W. A. Greenwell (Castle & Withington* on the brief) for defendant.