NATIVIDAD CORPUZ ESCRITOR, Special Administrator of the Estate of FERNANDO ESCRITOR, Deceased, NATIVIDAD CORPUZ ESCRITOR, Individually, and FRANCISCO ESCRITOR, Plaintiffs-Appellants, *v.* MAUI COUNTY COUNCIL, LTD., BOY SCOUTS OF AMERICA, and ANTONE KINORES, Defendants-Appellees

NO. 7948

JUNE 2, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* In this case, we *sua sponte* ordered additional briefing on the question of whether we had jurisdiction of the appeal. The facts involved on that issue are as follows: The complaint herein

named one corporation, one individual and John and Mary Does 1-10 as defendants. The Does were named pursuant to Rule 17(d), Hawaii Rules of Civil Procedure (HRCP), under a *pro forma* allegation that their names, identities, capacities, responsibilities or involvement were unknown. No further steps were taken by the plaintiffs-appellants on the record to identify any of the names, identities, capacities, responsibilities or involvements of the Does.

A motion for summary judgment was filed by the defendants and orally granted after argument. The next day, appellants' counsel received a proposed form of order from appellees' counsel which he disapproved. Appellees' counsel forwarded the disapproved form of order to the court which entered the same five days later on May 16, 1979 at 3:35 p.m. Appellants' counsel apparently did not receive notice of the entry of the order until May 29, 1979.

On May 31, an ex parte motion for enlargement of time to file a motion for reconsideration was filed and an order allowing appellants until June 8, 1979 to file a motion for reconsideration was granted. The motion purports to be made pursuant to Rule 6(b)(1), HRCP. The motion for an ex parte order bears a certificate of service dated May 29, 1979 indicating that it was served by mail. The motion for reconsideration, which purports to be filed pursuant to Rule 59, HRCP, was filed June 8, 1979. A hearing on the motion was held June 21, 1979 at which time the court took the matter under advisement until moved on. According to the minutes, this was to give appellants' counsel enough time to get another deposition and possibly file other memos. For approximately ten months nothing further was filed. On April 14, 1980, appellees filed a motion for entry of final judgment. That motion asked for the entry of a Rule 54(b), HRCP, certificate, apparently upon the theory that the order on the motion for summary judgment, having not mentioned the John Does, was incomplete. Appellants filed a memorandum in opposition and on May 15, 1980, after hearing, orders denying the motion for reconsideration and granting the motion for an entry of final judgment were entered. Appellants thereupon on June 13, 1980 filed their notice of the present appeal.

We hold that we do not have jurisdiction because the appeal was not filed within the time prescribed by Rule 73(a), HRCP. The John Doe allegations do not, in our opinion, prevent the May 16, 1979 order for summary judgment from being a final judgment. There

are no factual allegations to substantiate the John Does either as parties or as having any responsibility in the matter and appellants did nothing and have done nothing on the record to change that situation. Appellants had ample opportunity to convert the John Doe allegations into real claims involving real parties. They did not do so.

We note that appellants failed to comply with Rule 23 of the Rules of the Circuit Court which requires a party objecting to a proposed judgment, decree or order, to serve upon the prevailing party and deliver to the court within five days after service of the form of order upon him, a statement of objections and the reasons therefor or a proposed judgment. Appellants chose to ignore this Rule. Had they followed it, they would, in all probability, have received prompt notice of the court's action. It is true that under the provisions of Rule 77(d), HRCP, appellants should have received notice of the order or judgment from the clerk of court anyway, but that Rule expressly provides:

> Lack of notice of the entry by the clerk, or failure to make such service, does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 73(a).

It is undisputed that the appellants received notice of the entry of the order on May 29, 1979, well within the 30 days within which they had to appeal. (Rule 73(a) provides that the circuit court may extend the time for filing a notice of appeal for an additional 30 days upon a showing of excusable neglect. No such application was ever made.)

Instead of appealing, appellants applied for an extension of time to file a motion for reconsideration. If, as appellants claim, that motion was one pursuant to Rule 59, HRCP, it must have been pursuant to Rule 59(e), and Rule 6(a) expressly provides that the circuit court has no power to extend the time for taking any action under Rule 59(e).

Moreover, appellants moved ex parte for the extension of time before the circuit court pursuant to Rule 6(b)(1). This was wrong. Since the ten-day period prescribed by Rule 59(e) had already expired, appellants were required to move under Rule 6(b)(2). Motions, except for those which are expressly permitted to be made ex parte, must be served under Rule 5(a), HRCP. In this case, the motion was served by mail on May 29, which means that when it was

granted ex parte on May 31, 1979, effective service had not been made.

The motion for reconsideration (which in essence only reargues points already made on the motion for summary judgment) was filed June 8, 1979, well before the original 30-day period for appeal had expired. Appellees could have as easily filed a notice of appeal and thus avoided the present problem. Instead, they noticed the hearing on the motion for reconsideration for June 21, 1979, 36 days after the entry of the order. At that hearing, they requested and received permission to file additional documents in support of the motion for reconsideration. For almost a year no further papers were filed with the court until appellees moved "for entry of a final judgment". Subsequently, the order appealed from was entered.

We hold that the order of May 16, 1979 was a final order. That being so, since no motion under Rule 59 was timely filed as required by Rule 73(a), the appeal, on the face of the record, was taken too late.

Appellants, however, cite several federal cases which they claim prevent literal application of the rules in this case. The original case in this line of authority is *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215, 83 S. Ct. 283, 9 L.Ed.2d 261 (1962). In that case, before the expiration of the 30 days for time to appeal, the appellant applied to the district court for an extension of time based upon the fact that its general counsel who had sole responsibility for all corporate decisions was vacationing in Mexico and could not be reached. The district court, at a hearing with opposing counsel present, granted the additional time finding excusable neglect. The court of appeals dismissed the appeal holding that the finding of excusable neglect was in error. The Supreme Court reversed the court of appeals in view of the obvious great hardship on the appellant who had relied upon the trial court's finding of excusable neglect prior to the expiration of the 30-day period.

Had appellants in this case moved for an extension of time to file its notice of appeal instead of filing an ex parte motion for extension of time to file a motion for reconsideration, the case would be in point. Based upon the facts, however, it is not.

The second case cited is *Thompson v. Immigration Service*, 375 U.S. 384, 84 S. Ct. 397, 11 L.Ed.2d 404 (1964). In that case, the order appealed from was entered April 18, 1962. On April 30 or 12 days

later, the appellant served notice on the Immigration and Naturalization Service that he would appear before the trial judge on May 2, 1962 to amend certain findings of fact and for a new trial. The government raised no objection to the timeliness of the motion and the trial court specifically declared that the motion for a new trial was made in ample time. The motions were denied October 16, 1962 and the appeal was taken within the 60-day period then provided under the federal rules. In a 5-to-4 decision, the Supreme Court concluded that since the district court had concluded that the act of filing the motions was properly done, the case was governed by *Harris, supra.*

The present case differs from *Thompson, supra,* in that there is no express declaration by the court below that the motion for reconsideration was made in ample time.

The third case relied upon by appellants is *Wolfsohn v. Hankin,* 376 U.S. 203, 84 S. Ct. 699, 11 L.Ed.2d 636 (1964). Again, it was a 5-to-4 decision and the facts on which it is based do not appear in the Supreme Court opinion. It is therefore necessary to look at the opinion in *Wolfsohn v. Hankin,* 321 F.2d 393 (D.C. Cir. 1963) to see what the factual situation was. That opinion shows that the order granting the summary judgment was entered May 7, 1962. On May 11, the district court signed an order purportedly extending the time to move for a rehearing under Rule 59. On June 11, the motion was filed. It was denied on October 12 and the appeal was taken on November 3.

Thus, in *Wolfsohn,* the motion to extend time was filed within the ten-day period prescribed by Rule 59 and not afterwards as in this case.

Appellants cite *Yanow v. Weyerhaeuser Steamship Co.,* 274 F.2d 274 (9th Cir. 1958) but that case, like *Wolfsohn,* involved a motion to extend time for the filing of a motion for a new trial filed within ten days after the judgment was filed. The court there rationalized that such a motion could be construed as a motion for a new trial itself. *Yanow* is no different from *Wolfsohn* and is distinguishable on the same facts.

*Motteler v. Jones Construction,* 447 F.2d 954 (7th Cir. 1971) is also cited. There, however, the motion to extend time was filed on the 10th day following the entry of judgment. What has been said with respect to *Yanow* and *Wolfsohn* applies to *Motteler.*

*Hernandez-Rivera v. Immigration and Naturalization,* 630 F.2d 1352 (9th Cir. 1980) is a case arising under the rules applicable to proceedings before the Board of Immigration Appeals. An oral decision was reached on March 16, 1978. Counsel was informed he had ten days to appeal. Within the ten days, he asked for an extension of time. The extension was granted and the appeal filed within the time granted for the extension. *Hernandez-Rivera,* therefore, is like *Harris* and unlike this case in that it was a situation in which an extension of time for appeal was sought and granted.

This is not a case in which there was a mistake in finding that the motion was timely filed, which was acquiesced in by the appellees, and relied upon by the appellants, as in *Thompson v. Immigration Service, supra.* This is not a case where, within the ten-day period for filing a Rule 59 motion, application was made for an extension of time and erroneously granted as in several of the other cases relied upon. This is not a case in which an application for extension of time for appeal was timely made under Rule 73, granted and relied upon, as was the case in *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., supra* and *Hernandez-Rivera v. Immigration Service, supra.*

Thus, all of the cases relied on by appellants are distinguishable on their facts. Moreover, in none of the cases cited was there the kind of violation of the rules which is present here.

This is a case where the time for filing a Rule 59 motion had expired. Appellants, in violation of the rules, moved ex parte for an extension of time to file such a motion and the court below erroneously granted the motion even though it had no power to do so and even though it did so ex parte contrary to the rules. Had appellants proceeded on motion and notice as the rules required, there could have been a hearing before the expiration of the appeal time. We might then have had a record of acquiescence by the opponent and a finding of timeliness by the court. Appellants, by choosing to proceed ex parte, prevented the very facts which, under the federal cases, might have saved this appeal.

When appellants received notice that the order for summary judgment had been entered or even thereafter, nothing prevented them, if they could not at that time determine whether to appeal, from applying under Rule 73(a) for an extension of time to appeal.

Nothing required them instead to ask for an extension of time to file a Rule 59(e) motion. On the contrary, the rules made clear that

the court below lacked the power to grant such a motion. The purported Rule 59 motion for reconsideration was not timely filed, the period for the running of the appeal was not, therefore, interrupted and required to be started over again. The appeal was not timely filed and therefore, is dismissed.

*David H. White (George K. Noguchi* with him on the briefs, *Okano, Wong* and *White* of counsel) for appellants.

*Ashley K. Fenton (Walter Davis* with her on the briefs, *Davis & Playdon* of counsel) for appellees.