HAKARU SHISHIDO, Plaintiff-Appellant, *v.* STATE OF HAWAII, Defendant-Appellee, and JOHN DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and ROE. GOVERNMENTAL ENTITIES 1-10, Defendants

NO. 8349

(CIVIL NO. 60662)

JUNE 27, 1983

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY HEEN, J.

Plaintiff Hakaru Shishido (Shishido) appeals from the judgment entered in favor of the State of Hawaii (State) pursuant to an order granting State's motion for judgment notwithstanding the verdict. The sole issue in this appeal is whether the trial court erred in granting State's motion. We reverse and remand the action for reinstatement of the jury verdict and judgment.

On January 5, 1980, Shishido attended the Hula Bowl Game at the Aloha Stadium. Shishido and his son, Allen, met a friend, George Pali, at Pali's office near the stadium. From there they walked to the stadium, entering through the lower Salt Lake vehicular gate and proceeding through the parking lot to the stadium entrance. At that time, no vehicles were being allowed into the parking lot through that gate; however, it was partially opened for pedestrian traffic. Shishido had used this same route to and from the stadium for five years.

After the game, Shishido retraced his route and attempted to leave via the same gate. However, the gate had been locked by the stadium authorities in an effort to expedite the flow of vehicular traffic and enhance pedestrian safety. The gate had been locked while the game was in progress, but no announcements had been made nor had any signs been posted indicating that the action had been taken, or advising of other exits.

As Shishido approached the gate, he noticed that it was locked and that other patrons were climbing over the four-foot-high gate. After observing a number of people climb over the gate, Shishido decided to climb over himself. While attempting to do so, his foot got caught in the fencing and he fell to the ground sustaining a broken right hip.

On February 21, 1980, Shishido filed an action against State pursuant to the State Tort Liability Act, Chapter 662, Hawaii Revised Statutes, for his injuries. He also obtained leave of court to proceed against unidentified defendants.[1]

---

[1] Shishido never moved to identify the unknown defendants. His failure to do so does not affect the finality of the judgment. *Escritor v. Maui County Council, Ltd.,* 2 Haw. App. 200, 629 P.2d 1146 (1981).

State filed an answer and cross-claimed against unidentified defendants for indemnification or contribution.[2]

A jury trial commenced on May 11, 1981. At the close of all evidence, State moved for a directed verdict based upon Shishido's failure to prove any breach of duty by State. The motion was denied and Shishido moved for a directed verdict. Shishido's motion was also denied and the case was submitted to the jury.

On May 12, 1981, the jury returned a special verdict finding the State 60% negligent and Shishido 40% negligent, and awarding $6,500 in special damages and $25,000 in general damages. Judgment was entered on May 22, 1981, in favor of Shishido for $18,900.[3]

On May 26, 1981, State moved for judgment notwithstanding the verdict or in the alternative for a new trial, pursuant to Rule 50(b), Hawaii Rules of Civil Procedure (HRCP) (1972, as amended).[4] After the hearing on June 19, 1981, the court entered an order which: 1) granted State's motion for judgment notwithstanding the verdict; 2) conditionally denied the alter-

---

[2] The State failed to obtain leave of court to proceed against unidentified defendants in its cross-claim. State cannot ride on the coattails of Shishido's leave of court and its cross-claim was in violation of Rule 17(d), Hawaii Rules of Civil Procedure (1972, as amended).

[3] The total damages were reduced by 40% in accordance with the comparative negligence statute, Hawaii Revised Statutes § 663-31 (1976).

[4] Rule 50(b), HRCP, provides:

(b) Motion for Judgment Notwithstanding the Verdict. Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Not later than 10 days after entry of judgment, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; or if a verdict was not returned such party, within 10 days after the jury has been discharged, may move for judgment in accordance with his motion for a directed verdict. A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative. If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed. If no verdict was returned the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial.

native motion for new trial;[5] 3) set aside the verdict and judgment entered on May 22, 1981 and entered judgment in favor of the State; 4) awarded State its allowable costs; and 5) found· Shishido's motion for attorney's fees and costs moot.[6] This timely appeal followed.

A motion for judgment notwithstanding the verdict (j.n.o.v.) is technically a renewal of a motion for directed verdict made at the close of the evidence and cannot assert a ground that was not included in the motion for directed verdict. *Lovell Enterprises v. Campbell-Burns Wood Products,* 3 Haw. App. 531, 654 P.2d 1361 (1982); *Cabral v. McBryde Sugar Co.,* 3 Haw. App. 223, 647 P.2d 1232 (1982); 5A Moore's Federal Practice ¶ 50.08 (2d ed. 1982); 9 Wright & Miller, Federal Practice and Procedure: *Civil* § 2537 (1971). Although technical precision is not required, the motion for j.n.o.v. may not enlarge the matters presented in the motion for directed verdict. *United States v. Fenix & Scission, Inc.,* 360 F.2d 260 (10th Cir.), *cert. denied,* 386 U.S. 1036, 87 S. Ct. 1474, 18 L.Ed.2d 599 (1966).

One of the purposes of requiring precision in stating the grounds for a motion for directed verdict is to apprise the court of the movant's position and to preclude the later granting of a motion for j.n.o.v. on a ground that could have been met with proof if it had been stated in the motion for directed verdict. 9 Wright & Miller, Federal Practice and Procedure: *Civil* § 2533 (1971); 5A Moore's Federal Practice ¶ 50.04 (2d ed. 1982).

In the instant case, as in all negligence cases, Shishido was required to prove a duty owed to him by State, a breach of that duty, proximate cause, and damage. Conversely, State could rely on Shishido's failure to prove any or all of those elements, or on any affirmative defenses to defeat any of those elements. In this instance, State relied in its motion for directed verdict

---

[5] The purpose of a conditional denial of a new trial when granting a motion for judgment notwithstanding the verdict is to allow the appellee on appeal to assert the denial as error. The State has not done so and has waived any error in the denial. *See* 9 Wright & Miller, Federal Practice and Procedure: *Civil* § 2540 (1971).

[6] Shishido has not raised this as error.

on the ground of failure to prove breach of duty. In its motion for j.n.o.v., however, State "reversed its field" to rely on the grounds of the affirmative defenses of contributory negligence and assumption of the risk as failure to prove proximate cause. Although technical precision in the grounds for the two motions is not required, *United States v. Fenix & Scission, Inc., supra,* we think that relying on lack of proof of one essential element in the motion for directed verdict and of another element in the motion for j.n.o.v. is contrary to the purpose of the rule and fatal to the State's case. Consequently, the State's motion for j.n.o.v. was improperly granted.

Furthermore, our review of the record indicates that the issues of fact were properly submitted to and decided by the jury and the verdict should not have been disturbed.

The standard for granting a motion for j.n.o.v. is the same as the standard for granting a directed verdict. A j.n.o.v. should only be granted if the directed verdict should have been granted. *Board of Directors of the Association of Apartment Owners v. Regency Tower Venture,* 2 Haw. App. 506, 635 P.2d 244 (1981); 5A Moore's Federal Practice ¶ 50.07[2] (2d ed. 1982); 9 Wright & Miller, Federal Practice and Procedure: *Civil* § 2537 (1971).

> Thus, the motion for judgment n.o.v. may be granted only when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment. Where there is conflicting evidence, or there is insufficient evidence to make a "one-way" verdict proper, judgment n.o.v. should not be awarded. [Footnotes omitted.]

5A Moore's Federal Practice ¶ 50.07[2] (2d ed. 1982). The evidence must be viewed in the light most favorable to the party who won. *Id. Board of Directors of the Association of Apartment Owners v. Regency Tower Venture, supra.*

In the instant case, even assuming that the grounds asserted in State's motion for j.n.o.v. were proper, after viewing the evidence in the light most favorable to Shishido, we cannot say that the only reasonable conclusion that the jury could reach was that the State was not negligent or that Shishido's negligence was greater than the State's.

Therefore, we reverse and remand this case to the trial court

with instructions to reinstate the jury verdict and judgment.[7]

Reversed and remanded.

*Herbert R. Takahashi* (*Robert K. Merce* and *Linda A. Goto* with him on the briefs) for plaintiff-appellant.

*Roy F. Hughes* (*James F. Ventura* with him on the briefs; *Libkuman, Ventura, Ayabe & Hughes* of counsel) for defendant-appellee.

---

[7] An appellate court has the authority to reverse the denial of the motion for new trial or to remand the action to the trial court for reconsideration of the motion for new trial. However, since the State has not appealed the denial of its motion for new trial, we decline to direct reconsideration of the motion for new trial. *See* 5A Moore's Federal Practice ¶ 50.14 (2d ed. 1982); 9 Wright & Miller, Federal Practice and Procedure: *Civil* § 2540 (1971).