WOLFSOHN, EXECUTRIX, *v.* HANKIN ET AL.

No. 680. Decided February 24, 1964.

*Fred I. Simon* for petitioner.

*Gregory Hankin, pro se,* and *John V. Long* for respondent Hankin.

PER CURIAM.

The petition for writ of certiorari is granted and the judgment is reversed. *Harris Truck Lines, Inc.,* v. *Cherry Meat Packers, Inc.,* 371 U. S. 215; *Thompson* v. *Immigration and Naturalization Service,* 375 U. S. 384.

MR. JUSTICE CLARK, whom MR. JUSTICE HARLAN, MR. JUSTICE STEWART and MR. JUSTICE WHITE join, dissenting.

I have concluded that *Harris Truck Lines* v. *Cherry Meat Packers,* 371 U. S. 215 (1962), should be confined to its peculiar facts, *i. e.,* a finding of "excusable neglect" under Rule 73 (a) of the Federal Rules of Civil Procedure. I say this, although I joined *Harris,* because the Court has used *Harris* to spawn the present hopeless confusion which I never contemplated at the time of its decision. *Harris* was the authority upon which the Court rested *Thompson* v. *Immigration and Naturalization Service,* 375 U. S. 384 (1964), despite the fact that *Thompson* involved Rules 52 (b) and 59 (b) and (e) with their specific requirements that the motion must be made or served not later than 10 days after the

entry of judgment. The Court brushed aside these express and unambiguous mandates of Congress with the assertion that *Thompson* "fits squarely within the letter and spirit of *Harris*." 375 U. S. 384, 387. And now comes a third case, involving the same Rule 59 (b), which further compounds the subversion of the rules. It appears clear to me that through *Harris* this Court has given trial judges the *de facto* power to grant extensions of time, directly *contra* to the definite requirements of Rules 52 (b) and 59 and the command of Rule 6 (b) that the court "may not extend the time for taking any action under rules . . . 52 (b), 59 (b), (d) and (e) . . . ." I therefore respectfully dissent.