Winnie Ruth MOTTELER, Plaintiff-
Appellant,

v.

J. A. JONES CONSTRUCTION COMPA-
NY, Defendant-Appellee.

No. 71-1156.

United States Court of Appeals,
Seventh Circuit.

June 28, 1971.

Norman E. Hay, Cannelton, Ind.,
Charles S. Gleason, Indianapolis, Ind.,
Gleason, Woods & Johnson, Indianapolis,
Ind., Birchler & Hay, Cannelton, Ind., for
plaintiff-appellant.

James V. Donadio, Indianapolis, Ind.,
for appellee.

Before SWYGERT, Chief Judge, and
KILEY and FAIRCHILD, Circuit Judg-
es.

PER CURIAM.

The plaintiff-appellant has petitioned
for a rehearing en banc of the order
entered April 22, 1971, in the above-en-
titled cause. No judge in active service
has requested that a vote be taken on the
suggestion for an en banc rehearing, and
the petition for rehearing, insofar as it
requested en banc consideration, is de-
nied. However, on the basis of addition-
al facts presented to it and for the rea-
sons set forth below, the panel has con-
cluded that the order entered April 22,
1971, dismissing the appeal in the above-
entitled matter, must be vacated. The
petition for rehearing is therefore grant-
ed and it is ordered that this appeal be
reinstated.

On February 20, 1970, appellant filed
a complaint which alleged admiralty or
maritime claims. The district court
granted summary judgment for appellee
on October 26, 1970. Appellant filed her
notice of appeal on January 15, 1971.

On April 22, 1971, we dismissed appel-
lant's appeal for her failure to comply
with the requirement of Rule 4(a), Fed.
R.App.P., that her notice of appeal be
filed "within 30 days of the date of the
entry of the judgment or order appealed
from." At that time, appellant relied on
28 U.S.C. § 2107, which allows 90 days
for filing the notice of appeal in admiral-
ty matters. Our April 22, 1971, order
corectly pointed out that under 28 U.S.C.
§ 2072, Rule 4(a), Fed.R.App.P., over-
rides such conflicting statutes.

However, appellant has now pointed
out, for the first time, that she filed a
"Motion to Reconsider" in the district
court. Appellant argues that the filing

of this motion terminated the running of the time within which she was required to file her notice of appeal. On November 5, 1970, within ten days of the entry of summary judgment against her, appellant filed a "Motion for Enlargement of Time to File Motion to Reconsider Judgment Entry." On November 9, 1970, the district court granted this motion, extending to November 30 the time within which appellant could file her motion to reconsider. Appellant's motion to reconsider was then filed within the time limits set by the district court. On January 12, 1971, the district court, sua sponte, denied the motion to reconsider as untimely filed.

We believe that appellant's "Motion to Reconsider" was, in effect, a motion under Rule 59(e), Fed.R.Civ.P., to alter or amend judgment. *See* Pierre v. Jordan, 333 F.2d 951, 955 (9th Cir. 1964), cert. denied, 379 U.S. 974, 85 S.Ct. 664, 13 L.Ed.2d 565 (1965). Under Rule 4(a), Fed.R.App.P., the motion would, if timely filed, have terminated the running of the time for filing an appeal.

Appellee correctly points out that a motion under Rule 59(e) must be filed within ten days of the entry of judgment and that under Rule 6(b), Fed.R.Civ.P., the district court is powerless to extend the time within which such a motion may be filed. Appellee argues that the November 9, 1970, order enlarging the time within which the motion to reconsider could be filed was therefore a nullity and that the motion to reconsider was not "timely" as required by Rule 4(a), Fed. R.App.P., and could not terminate the running of the time for filing an appeal.

While a literal reading of the Federal Rules of Civil and Appellate Procedure would support the appellee's position, the Supreme Court has refused to deny a litigant access to the court of appeals because of late filing of his notice of appeal where the late filing resulted from the litigant's reliance on a district court's erroneous grant of an extension of time within which to file a motion which, if properly filed, would terminate the running of the time for filing an appeal.

The leading case is Thompson v. Immigration and Naturalization Service, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964), which reversed a decision of this court dismissing a late-filed appeal. There the district court had taken an untimely motion for new trial under advisement, had declared that the motion was made "in ample time," and had subsequently denied the motion for a new trial after the time for filing an appeal from the initial decision had expired. The Supreme Court held that where a party files a post-judgment motion which, if timely filed, would postpone the deadline for his appeal, but files it too late under the applicable rule, his reliance on statements or actions of the district court indicating that his motion was timely filed will relieve him of the detrimental consequences that would otherwise result.

In Wolfsohn v. Hankin, 116 U.S.App. D.C. 127, 321 F.2d 393 (1963), rev'd, 376 U.S. 203, 84 S.Ct. 699, 11 L.Ed.2d 636 (1964), the court of appeals dismissed as untimely filed an appeal almost identical to the one before us. There the district court had entered an order extending the time within which the appellant could move for rehearing under Rule 59. In reliance on this extension of time, the appellant did not file his motion for rehearing within ten days and did not file his notice of appeal until after his motion for rehearing was denied, several months after the original judgment entry. The Supreme Court summarily reversed the court of appeals on the authority of *Thompson, supra. See also* Pierre v. Jordan, *supra*; Vine v. Beneficial Finance Co., 374 F.2d 627 (2d Cir.), cert. denied, 389 U.S. 970, 88 S.Ct. 463, 19 L.Ed.2d 460 (1967); and 9 J. Moore, Federal Practice ¶ 204.12 [2] (2d ed. 1970).

Our analysis of the foregoing authorities convinces us that appellant's appeal should not have been dismissed. The district court erroneously extended the time within which appellant could file her motion to reconsider. The court took the motion under advisement and gave every

indication that it intended to rule on the motion on its merits. After holding the motion until the time within which appellant might have appealed from the initial judgment had run, the court, sua sponte, dismissed the motion to reconsider as untimely filed. This is precisely the situation which the Supreme Court considered in Wolfsohn v. Hankin, *supra*, and that decision compels us to vacate our order dismissing this appeal as untimely filed.