**Winnie Ruth MOTTELER, Administratrix of the Estate of Gary Leroy Motteler, Plaintiff-Appellant,**

v.

**J. A. JONES CONSTRUCTION COMPANY, Defendant-Appellee.**

**No. 71-1156.**

United States Court of Appeals, Seventh Circuit.

March 1, 1972.

Rehearing Denied April 5, 1972.

Norman E. Hay, Cannelton, Ind., Charles S. Gleason, Gleason, Woods & Johnson, Indianapolis, Ind., Birchler & Hay, Cannelton, Ind., for plaintiff-appellant.

James V. Donadio, Ralph A. Cohen, Ice, Miller, Donadio & Ryan, Indianapolis, Ind., for defendant-appellee.

Before SWYGERT, Chief Judge, SPRECHER, Circuit Judge, and CAMPBELL, Senior District Judge.[1]

PER CURIAM.

This is an action stemming from the death of Gary Leroy Motteler, an ironworker employed by the defendant, who died while working within the enclosed area of a cofferdam which had formerly been part of the Ohio River. The complaint was brought against the decedent's employer in three counts: Count I alleged damages under the theory of strict liability as defined in the Federal Employers' Liability Act, 45 U.S.C. §§ 51–60 and the Safety Appliances Act, 45 U.S.C. §§ 1–16; Count II alleged damages under a theory of strict liability stemming from an "ultra-hazardous maritime undertaking"; and Count III alleged an action for damages for failure to secure payment of benefits under the Federal Longshoremen's and Harbor Workers' Compensation Act pursuant to 33 U.S.C. § 905. Both plaintiff and defendant moved for summary judgment. The district court granted summary judgment for the defendant on the grounds that the Federal Longshoremen's and Harbor Workers' Compensation Act was inapplicable and that the Kentucky workmen's compensation Act comprised the plaintiff's sole remedy. It is from that determination that the plaintiff appeals. Two issues are before us: Whether the plaintiff's appeal was timely filed and, if so, whether the district court's decision was correct.

To begin with, we reaffirm our holding in Motteler v. J. A. Jones Constr. Co., 447 F.2d 954 (7th Cir. 1971), that the appeal was timely filed. We held there that Wolfsohn v. Hankin, 376 U.S. 203, 84 S.Ct. 699, 11 L.Ed.2d 636 (1964), was directly in point and compelled our entertaining this appeal.

We affirm the district court's holding that the Federal Longshoremen's and Harbor Workers' Compensation Act is inapplicable. Plaintiff's criticism of this holding is difficult to ascertain. At the outset, she seems to be contesting the district court's determination on two grounds: 1) She claims that the court has no jurisdiction to determine the applicability of the Act. She argues that where the action is one for damages for the employer's failure to comply with the provisions of the Act, the inquiry of the district court is limited to a determination of whether or not the defendant had reported the accident to the Secretary of Labor under 33 U.S.C. § 930(a) and (f) and whether the employer had filed a form specifically controverting the employee's claim under 33 U.S.C. § 914. 2) She claims that the defendant bears the sole burden of proving these facts and has failed to do so. Her argument centers on Rule 81(a) (6), Fed.R.Civ.P., which provides that the Federal Rules do not apply where matters of procedure are specifically provided for in the Federal Longshoremen's and Harbor Workers' Compensation Act. She maintains that rule 81(a) (6) requires that the traditional burdens imposed upon a movant for summary judgment under Rule 56, Fed.R.Civ.P., namely, to prove that there is no "genuine issue as to any material fact" and that the movant is "entitled to judgment as a matter of law," be suspended and that the presumptions outlined in sections 914 and 920 of the Act operate in their place. Accordingly, she claims that the employer must show that the Act is inapplicable (under 33 U.S.C. § 920) and can only do so after he has filed with the Secretary of Labor his intent to controvert his employee's claim (under 33 U.S.C. § 914).

We reject these contentions. In a damage action under the Act, the district court has jurisdiction to determine as a matter of law whether the Act is applicable to the plaintiff's claim.[2]

1. Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

2. Had the plaintiff's claim been one for benefits under the Act, the district court would have been without jurisdiction to

Clearly, employers are not required to report any injury to the Secretary of Labor or to file forms controverting employee claims whether or not the injury is even remotely connected with activities on "navigable waters" as required by the Act. See O'Leary v. Puget Sound Bridge & Dry Dock Co., 349 F.2d 571 (9th Cir. 1965). Furthermore, the standards outlined by Rule 56 continue to operate in determining whether or not the plaintiff has met this burden. The presumptions of the Act can only be triggered once the plaintiff has shown that the Act is applicable to the case at bar.

■ Plaintiff must show that "death results from an injury occurring upon the navigable waters of the United States" and that "recovery for the . . . death through workmen's compensation proceedings may not validly be provided by State law." 33 U.S.C. § 903. The affidavits before the district court established that the decedent was an ironworker who was performing his duties only on dry land within the area enclosed by the cofferdam. His death occurred when a crane dropped a jig upon him as he was standing within the coffered area. Although the area had once been part of the Ohio River, at the time of the accident all river water had been removed in order to facilitate construction of a portion of the Cannelton Locks and Dam project. The district court was correct in holding that as a matter of law the accident does not fall within the scope of the Federal Longshoremen's and Harbor Workers' Compensation Act. Nacirema Operating Co. v. Johnson, 396 U.S. 212, 90 S.Ct. 347, 24 L.Ed.2d 371 (1969). The claim is neither within the exclusive coverage of the federal act nor within the so-called "twilight zone" category in which state compensation laws and the federal act may overlap. Davis v. Department of Labor and Industries of Washington, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246 (1942).

■ Furthermore, we agree that the Kentucky Workmen's Compensation Act is the plaintiff's exclusive remedy against the employer. The provisions of the Kentucky act, rather than the comparable provisions of Indiana laws, are applicable to the instant case because the contract for employment was executed in Kentucky, all work took place there, and the accident occurred in an area that is within the territorial jurisdiction of that state. Indiana v. Kentucky, 136 U.S. 479, 10 S.Ct. 1051, 34 L.Ed. 329 (1890). Kentucky's interests are "sufficiently substantial" to meet the Indiana choice of law test outlined in Watts v. Pioneer Corn Co., 342 F.2d 617 (7th Cir. 1965).

Defendant has complied with the terms of the Act (under Kentucky Rev. Stat. §§ 342.390, 342.395). It has presented evidence of its election to operate under the Kentucky Workmen's Compensation Act and of decedent's failure to notify his employer that he chose not to be covered. Decedent's wife, the plaintiff in this action, has in fact been receiving benefits under the Kentucky act to the present time. These provisions are applicable to the exclusion of all other remedies. Kentucky Rev.Stat. § 342.015.

Accordingly, we affirm the district court's grant of summary judgment to the defendant.

consider it ab initio, and she would have been in error in bringing the suit. The Act sets up administrative machinery for adjudicating claims for benefits and leaves for the district court only the power of review. A claim for damages for failure of the employer to fulfill the obligations set out by the Act is a different cause of action which may come before the district court. Plaintiff has confused the two alternatives by bringing the suit in the district court and yet claiming only the Secretary of Labor has jurisdiction to determine the applicability of the Act.