This is an appeal from a divorce decree. The appellee-husband has filed with this court a motion to dismiss the appeal. The husband's motion is bottomed on the premise that the wife's appeal was not timely perfected. After careful consideration, we find the motion to dismiss is due to be granted and the appeal dismissed.
The record reveals the following: A final decree of divorce was rendered on the 23rd of December, 1975. On the 27th day of January 1976, the wife, appellant here, filed a motion for new trial and a motion to alter and amend the judgment of the court. The January 27th motions were set for hearing on February 9, 1976. Apparently, hearing was continued until March 5, 1976, at which time it was heard. On March 16, 1976, the wife's motions were denied.
As able counsel for appellant in his excellent brief and his well reasoned oral argument concedes, Rule 59 (b) of ARCP mandates that a motion for new trial must be served not later than thirty days after entry of judgment. Furthermore, 6 (b) of ARCP expressly prohibits any enlargement of the time for taking any action under Rule 59 (b). Additionally, Rule 4 (a) of ARAP requires notice of appeal from a civil judgment to be filed with the clerk of the trial court within forty-two days of the date of the entry of judgment or order. But, the filing of a post-trial motion pursuant to Rule 59 (b) supersedes the running of the time for filing notice of appeal. See Rule 4 (a)(3), ARAP. *Page 1029 
By implication, it can be seen from the above that the filing of an untimely motion under Rule 59 (b) does not suspend the running of the time of appeal. Federal cases interpreting the comparable federal rule so hold. See Wright and Miller, FederalPractice and Procedure, § 2812, and cases cited therein. Specifically, we note the following contained in § 2812 of Wright and Miller:
 "The time limit on a new trial motion is extremely important. The time cannot be enlarged by the court.[49] An untimely motion must be denied and does not extend the time for appeal.[50]" [Footnote citations omitted.]
We find the above quotation to be a correct statement of the law. Clearly, in this instance the new trial motions, etc., were untimely.
We believe it fair comment to note that distinguished counsel for the wife agrees with the above. However, the wife contends that while the above is generally correct, there is an exception. This exception is that under unique circumstances in which a party was lulled by the court into acting after the time had run, the appeal time would be extended. See Thompsonv. Immigration and Naturalization Service, 375 U.S. 384,84 S.Ct. 397, 11 L.Ed.2d 404; Wolfsohn v. Hankin, 116 U.S.App.D.C. 127, 321 F.2d 393, rev'd. per curiam, 376 U.S. 203,84 S.Ct. 699, 11 L.Ed.2d 636.
We have considered these cases and find them to be inappropriate to the instant appeal. In these and other cases cited to us by counsel for the wife, the trial judge took affirmative action — e.g., ruling the new trial motion timely, granting an enlargement of the period for filing the motion — which induced reasonable reliance thereon by the complaining party. We have located but one case where such action was not taken by the trial court, in which case the affected party appeared before the court pro se. Pierre v. Jordan, 9 Cir.,333 F.2d 951, cert. denied, 379 U.S. 974, 85 S.Ct. 664,13 L.Ed.2d 565. The fact that Pierre appeared without representation by counsel, to this court, accounts for the imposition of the unique circumstances doctrine in the absence of the type of affirmative action discussed above.
Here, the trial court did nothing to "lull" a party into acting after the time had run. The wife was represented by counsel. The trial court only set the wife's motion down for hearing and heard the motion as requested by the wife.[1] We do not find this action to come within the purview of the "unique circumstances" doctrine enunciated in Thompson and Wolfsohn,supra. It is thus unnecessary for us to pass upon that doctrine itself.
We therefore find the appellee-husband's motion to be well taken.
MOTION GRANTED; APPEAL DISMISSED.
All the Judges concur.
[1] We note that the wife's present attorneys were not the original attorneys.