375 So.2d 429 (1979)
CITY OF TALLADEGA, etc., et al.
v.
Calvin C. McRAE et al.
77-784.
Supreme Court of Alabama.
August 17, 1979.
Rehearing Denied September 28, 1979.
Barry N. McCrary, of Dixon, Wooten, Boyett, McCrary & Thornton, Talladega, for appellants.
Betty C. Love and B. Greg Wood, of Love, Love & Lawrence, Talladega, for appellees.
BEATTY, Justice.
Defendants, the City of Talladega and the Talladega Water and Sewer Board, appeal from jury verdicts awarding plaintiffs damages for injuries done to plaintiffs' real and personal property when raw sewage overflowed from a sewer line maintained by defendants. We have concluded that this appeal must be dismissed for lack of jurisdiction because it was not timely perfected.
The record reveals that final judgment for plaintiffs was entered in the Talladega County Circuit Court on March 29, 1978. Defendants' motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, was certified as having been served by mail on April 28, 1978; however, the envelope containing the motion was postmarked "April 29, P.M., 1978," and the motion was neither filed with the circuit clerk nor received by plaintiffs' attorney until May 1, 1978. The trial court never ruled on defendants' post-trial motion. Notice of appeal was filed September 1, 1978.
Defendants contend that service of their motion for judgment N.O.V. or for a new trial was complete upon its mailing on April 28, 1978 (the thirtieth day after entry of judgment); that such service was sufficient to toll the running of the 42-day period (during which one is allowed to file a notice of appeal) until such a time as the trial court disposed of the motion; that because no order denying or granting the motion was ever entered in the civil docket of the *430 trial court, the motion was denied by operation of law on the ninetieth day of its pendency in the trial court, see ARCP 59.1; and that this appeal was thus timely perfected because notice of appeal was filed within 42 days of the denial of the motion by operation of law. We disagree.
ARAP 4(a)(1) mandates that a party file a notice of appeal with the trial court clerk "within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from." ARAP 4(a)(3) specifically provides that the 42-day period is suspended by the filing of a post-trial motion pursuant to Rules 50 and 59, ARCP; it is clear that untimely filing of such a motion does not suspend the running of the time allowed for filing notice of appeal. Seale v. Seale, Ala. Civ.App., 339 So.2d 1028, cert. den. 339 So.2d 1029 (1976). The question to be decided, therefore, is whether or not defendants' motion for judgment N.O.V. or for a new trial was timely filed. We hold that it was not.
ARCP 5(d) provides that, after the complaint, court papers that are "required to be served upon a party shall be filed with the court either before service or within a reasonable time thereafter." [Emphasis added.] Under ARCP 59(b), a motion for a new trial must be "served not later than 30 days after the entry of the judgment." [Emphasis added.] Although the two rules, when read in conjunction, could be interpreted to mean that a motion for new trial could be validly perfected by (1) service on the thirtieth day after entry of judgment and (2) filing within a few days thereafter, such a construction does not comport with the overall scheme of our rules of procedure. The Committee Comment to Rule 59, ARCP provides in pertinent part that "The time for moving for a new trial ... is here made 30 days, as has been customary in Alabama ...." [Emphasis added.] One can only "move" for a new trial by filing a motion with the trial court, for like any other motion, a post-trial motion becomes pending only upon its filing, State v. Wall, Ala., 348 So.2d 482 (1977); it remains pending until it is acted upon by the court or until it is deemed denied by operation of law on the ninetieth day of its pendency in the trial court, see ARCP 59.1. Filing of the new trial motion is the event that suspends the running of the 42-day period for filing a notice of appeal, not service of the motion. Both filing and service of the motion within the 30-day time limit specified in Rule 59(b) must be accomplished in order to suspend the time one is allowed to perfect an appeal. Here, since the motion for new trial was not timely filed, the time for filing a notice of appeal expired on May 10, 1978, 42 days after judgment was entered. Because defendants did not file their notice of appeal until September 1, 1978, we are without jurisdiction and this appeal must be dismissed under ARAP 2(a)(1).
Our reasoning is buttressed by that of the Court of Civil Appeals in Seale v. Seale, supra. In that case, a motion for a new trial and a motion to alter and amend the trial court's judgment were filed more than thirty days after a divorce decree was rendered. That court did not give the time when the motions were served; nevertheless the court held that the motions were untimely.
The result must be the same in this case. Accordingly, we have no alternative but to dismiss this appeal on the ground that it was not timely filed. It is so ordered.
APPEAL DISMISSED.
BLOODWORTH, FAULKNER, JONES, ALMON, SHORES and EMBRY, JJ., concur.
TORBERT, C. J., and MADDOX, J., concur specially.
MADDOX, Justice (concurring specially).
The effect of the holding of this case is that a motion for new trial must be filed within thirty days. As I read Rule 59(b) it only requires that the motion be served within thirty days. Rule 5(b) spells out how service can be made and since service was made by mail in this case, Rule 5(b) specifically provides that "Service by mail is complete upon mailing." Reference is made in *431 the opinion to the date of the postmark. I do not believe that the postmark would necessarily control because many opinions of this Court state that something is mailed once it is dropped in an authorized mail depository. The attorney made a certificate that he did, in fact, mail the motion for new trial on the 28th day of April, 1978. In other words, there might be a question of fact as to whether or not the motion was actually mailed on April 28, as certified, or on the date shown on the postmark. I think Rule 5 also provides that a motion for new trial does not have to be filed within thirty days. Rule 5(d) specifically provides:
"Filing. All papers after the complaint required to be served upon a party shall be filed with the court either before service or within a reasonable time thereafter. Proof of service of any paper except a requested written charge shall be upon certificate of the person executing the same."
A motion for a new trial is a paper required to be "served" under Rule 59(b) and under Rule 5(d) should be filed with the court either before service or within a reasonable time thereafter. In the case of a motion for a new trial, it would be obvious that a reasonable time in that event would be some time between thirty days after judgment and forty-two days after judgment (the time within which an appeal could be taken).
I have read Seale v. Seale, 339 So.2d 1029 (1976), cited in the opinion, and I believe that in that case the attorney admitted that the motion for a new trial had not been served within the thirty day period. In Seale, the Court said that "By implication, it can be seen from the above that the filing of an untimely motion under Rule 59(b) does not suspend the running of the time of appeal." If one reads that sentence, one would see that the Court of Civil Appeals, in Seale, is saying that the motion was not timely served and therefore, the filing of a motion that was not served within the thirty days cannot suspend the operation of the rule. I can agree with this. If it was clearly apparent from the face of the record in this case that the motion for new trial was not served within thirty days, I would agree.
Having stated the above, I nevertheless concur in the result. On the merits, this case should be affirmed anyway; therefore, the motion to dismiss the appeal, even if meritorious, would not harm the appellants.
TORBERT, C. J., concurs.