Louis INGLESE, Petitioner,

v.

WARDEN, U. S. PENITENTIARY,
Atlanta, Georgia, Respondent.

No. 81–7474.

United States Court of Appeals,
Eleventh Circuit.

Oct. 1, 1982.

Rehearing Denied Nov. 22, 1982.

Kermish, Labovitz, Marcus, Brazier & Rosenberg, Stephen A. Kermish, Atlanta, Ga., for petitioner.

Barbara Harris, Asst. U. S. Atty., Atlanta, Ga., for respondent.

Before MILLER *, Judge, TJOFLAT and CLARK, Circuit Judges.

PER CURIAM:

Inglese appeals from the dismissal of his petition for writ of habeas corpus, which sought restoration of good time credit withdrawn by the Institutional Disciplinary Committee (IDC) of the federal penitentiary in Lewisburg, Pennsylvania, upon findings that Inglese had violated prison regulations. We affirm.

■ We raised *sua sponte* the question whether Inglese's May 29, 1981, notice of appeal was timely filed, and now hold that it was. The district court entered its final judgment on January 12, 1981. On January 22, 1981, the ten-day period for serving a motion to alter or amend the judgment expired. Fed.R.Civ.P. 59(e). On January

* Honorable Jack R. Miller, Judge for the U. S. Court of Customs and Patent Appeals, sitting        by designation.

27, 1981, the district court entered an order extending the time for Inglese to file his motion to alter or amend the judgment;[1] according to the representations of Inglese's counsel at oral argument, this order was pursuant to a telephone communication between himself and the district court.[2] Following a second extension of time to file his Rule 59(e) motion, Inglese filed the motion on February 27, 1981. On May 1, 1981, the court denied the motion. On May 29, 1981, Inglese filed his appeal from the judgment dismissing his petition for the writ.[3]

Inglese was required to file his notice of appeal within 60 days of the entry of judgment. FRAP 4(a)(1). However, if his Rule 59(e) motion of February 27, 1981, was timely filed, the 60-day period for filing began on May 1, 1981, when the motion was denied. FRAP 4(a)(4). At first blush, the Rule 59(e) motion was not timely filed: such a motion must be served within 10 days after entry of judgment, and the district court has no authority to enlarge the 10-day period. Fed.R.Civ.P. 6(b). However, the Supreme Court has held that an appeal will not be dismissed as untimely when the appellant files a post-trial motion which, if timely filed, would postpone the deadline for filing his appeal; the government does not object to the timeliness of the motion; the district court indicates that the post-trial motion is timely; and the appellant relies on that indication and files his appeal within what the parties and the district court believe to be the new deadline. *Thompson v. Immigration & Naturalization Service*, 375 U.S. 384, 385, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964) (per curiam); *Wolfsohn v. Hankin*, 376 U.S. 203, 84 S.Ct. 699, 11 L.Ed.2d 636 (1964) (per curiam).

Bound as we are by these precedents, we proceed to the merits.

The principal issue on appeal is the proper standard by which a district court is to review the findings of a prison disciplinary board such as the IDC. Inglese contends that the Constitution requires that the IDC's decision be supported by "substantial evidence"; the government contends that "any evidence" will suffice. We have recently made clear that the district court "must consider whether at least the decision is supported by 'some facts'— 'whether any evidence at all' supports the action taken by the prison officials." *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981) (citation omitted), *cert. denied*, 455 U.S. 992, 102 S.Ct. 1619, 71 L.Ed.2d 853 (1982). Thus, the district court properly inquired whether there was any basis in fact for the IDC's decision.

Finally, on the record before it, the district court properly concluded that there was evidence, albeit meager, for the IDC's decision. Under the *Rabalais* test, the statement attributed to Lynch, Inglese's alleged co-conspirator, was a sufficient basis for the decision.

AFFIRMED.

---

1. We give Inglese the benefit of treating what he styled a motion for reconsideration as a motion to alter or amend the judgment. The alternative is to treat the motion as one for relief from the judgment under Fed.R.Civ.P. 60, which does not toll the period for filing a notice of appeal.

2. Our analysis and disposition of this case do not depend upon these representations.

3. The May 29 notice stated that Inglese appealed from "that order entered on [May 1] denying his petition for writ of habeas corpus." We are required to construe this as an appeal from the original judgment, and not merely from the denial of the post-trial motion. *See Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Kicklighter v. Nails By Jannee, Inc.*, 616 F.2d 734, 738–9 n.1 (5th Cir. 1980).