780 F.2d 1021
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
KENTUCKY ASSOCIATION OF ELECTRIC COOPERATIVES, INC.,
Plaintiff-Appellant,
v.
LOCAL UNION NO. 369, INTERNATIONAL BROTHERHOOD OF ELECTRICAL
WORKERS, AFL-CIO, Defendant-Appellee.
 84-6056
 United States Court of Appeals, Sixth Circuit.
 11/25/85
 
 APPEAL DISMISSED
 W.D.Ky.
 On Appeal from the United States District Court for the Western District of Kentucky
 Before: KENNEDY and MILBURN, Circuit Judges; and COOK,* District Judge.
 PER CURIAM.
 
 
 1
 Appellant Kentucky Association of Electrical Cooperatives (KAEC) appeals from a judgment of the District Court enforcing an arbitrator's award on grounds that the arbitrator exceeded his authority. KAEC discharged two employees, Danny Sketo and Dewain Haines, for fighting at work. KAEC based the discharge on the employees' violation of Work Rule D.23 which prohibits '[s]triking a supervisor or other personnel.' KAEC's collective bargaining agreement with appellee, Local Union No. 369, provides:
 
 
 2
 The Cooperative shall have the right to discipline and discharge employees. It is distinctly understood and agreed that the offenses designated 'D' contained in the KAEC RULES OF CONDUCT shall be cause for immediate discharge without warning. Article VII, Sec. 2.[1] Sketo and Haines filed grievances alleging that their respective discharges were either arbitrary or in bad faith. After a hearing, arbitrator Jonas B. Katz denied Haines' grievance, but sustained Sketo's grievance in part. He directed KAEC to modify Sketo's discharge to a disciplinary suspension of thirty days and awarded backpay accordingly.
 
 
 3
 KAEC filed a complaint in the United States District Court for the Western District of Kentucky seeking to vacate the arbitrator's award. Local 369 filed a complaint in the same court seeking to enforce the award. The cases were consolidated and, on cross motions for summary judgment, the District Court upheld the arbitrator's award. We decline to reach the merits, because we do not have jurisdiction to hear this appeal.
 
 
 4
 Judgment in this case was entered on September 25, 1984. The notice of appeal was filed sixty-five days later, on November 29, 1985. Thus, the filing was thirty-five days late. Rules 4(a) and 26(a), Federal Rules of Appellate Procedure. The time requirements of Rule 4 are mandatory and jurisdictional. Peake v. First National Bank and Trust Co., 717 F.2d 1016, 1018 (6th Cir. 1983).
 
 
 5
 A timely motion for reconsideration will toll the appeals period. Rule 4(a)(4), Federal Rules of Appellate Procedure. Appellant filed a motion for reconsideration, but it was untimely served on October 9, 1984, and thus did not toll the appeals period. Rule 59(e), Federal Rules of Civil Procedure.
 
 
 6
 On November 20, 1984, the District Court issued a 'Judgment' denying the motion for reconsideration. It read: 'This is a final and appealable judgment and there is no cause for delay.' When this judgment was issued, the thirty-day period for filing notice of appeal had already run, and appellant had four more days in which to file for extension of the time for noticing his appeal.
 
 
 7
 Appellant contends that although he did not file notice of appeal within thirty days of the District Court's original judgment and although he did not explicitly request an extension within the allotted time or explicitly receive such an extension, the 'unique circumstances' of this case warrant that we hear its appeal on the merits. Specifically, appellant claims: (1) that a party ought not be denied an opportunity to to appeal because of failure to file a timely appeal when that failure resulted from reliance on action taken by the district court that generated a reasonable belief that an appeal could be initiated at a later date; and (2) the October 9 motion could be treated as a motion for relief from mistake under Rule 60(b), Federal Rules of Civil Procedure, in which case its notice of appeal was timely.
 
 
 8
 The first reason appellant suggests for hearing its appeal is inapplicable in this case. There was no act on the part of the District Court that could generate a reasonable belief that an appeal could be initiated at a later date and thus no act on which appellant could reasonably have relied. This case does not fall within the 'unusual circumstances' exception.
 
 
 9
 In each of the cases cited by appellant, the trial court either granted an extension of time that turned out to be an error of law or erroneously assured the appellant that the requirements for tolling the appeal period had been met in that case. An example of the latter type of case is Thompson v. INS, 375 U.S. 384 (1964) (per curiam). In Thompson, the appellant had filed a new trial motion twelve days after the entry of judgment. Although the motion was filed late, and thus did not toll the appeal period, the trial court orally declared to the parties that the motion was made 'in ample time.' Id. at 385. The court made this representation before the time for filing an appeal had expired. The appellant filed his appeal after the appeal period had run, but it would have been timely had its new trial motion been properly filed. The Supreme Court held that the appeal would be considered timely because the appellant had done something (filed a new trial motion) that would have extended the time for appeal if properly done, and relied on the district court's statement that it was properly done. See Denley v. Shearson/American Express, Inc., 733 F.2d 39, 42 (6th Cir. 1984) (characterizing the decision in Thompson).
 
 
 10
 Wolfsohn v. Hankin, 376 U.S. 203 (1964) (per curiam), illustrates the other type of reasonable reliance. The trial court had granted summary judgment. Appellant asked for an extension of time to file for rehearing under Rule 59. The trial court overlooked the prohibition against such extensions and granted one. Because the extension was not permitted, the motion for rehearing was untimely and did not toll the appeal period. Had the trial court denied the motion for extension, as was required by the rules, appellant would have had adequate time to file a notice of appeal. As in Thompson, appellant eventually filed a notice of appeal that would have been timely had its rehearing motion been timely. The Supreme Court allowed the appeal because appellant had reasonably relied on the trial court's representation that an extension of time for filing a Rule 59 motion was permitted. See also United Artists Corp. v. La Cage Aux Folles, Inc., 771 F.2d 1265 (1985), (permitting an appeal where appellant relied on the district court's improper grant of a sixty-day extension of time in which to file the appeal); Johnson v. City of Lorain, No. 83-3099, unpublished per curiam (6th Cir. Nov. 15, 1984) (appellant relied on district court's invalid grant of an extension of time for filing a Rule 59 motion); Needham v. White Laboratories, 639 F.2d 394 (7th Cir. 1981) (appellant relied on district court's erroneous assurance that a motion to reconsider an order denying a timely post-trial motion tolls the appeal period).
 
 
 11
 In this case, there were no assurances on which appellant could reasonably rely in its assumption that its motion for reconsideration had tolled the appeal period. In each of the cases cited above, the district court either granted a motion to extend a deadline based on its misreading of the law or made an express assurance that appellant had complied with the applicable requirements for tolling the appeal period. Neither of those elements is present here. The District Court never addressed the question whether the motion for reconsideration was timely filed.[2] The only 'unique circumstance' appellant can point to in the District Court's treatment of appellant's reconsideration motion is that the court designated the November 20 judgment 'final and appealable.' There is nothing unique about that language in the judgment. Apparently it was based on the District Court's reasonable assumption that the motion for reconsideration was timely filed (thus tolling the appeal period) and that appellant was entitled to appeal from the court's September 25 judgment. It would not have been reasonable for appellant to believe that such boilerplate language meant the court had examined the records and determined that the motion was timely filed.
 
 
 12
 The District Court's consideration of the motion cannot be construed as a warranty that the motion was timely filed and otherwise complies with the tolling requirements of the rules. The responsibility for seeing that those requirements are met rests with the attorney filing the motion. See Alvestad v. Monsanto Co., 671 F.2d 908, 911 n.1 (5th Cir. 1982). To the extent that St. Mary's Hospital Medical Center v. Heckler, 753 F.2d 1362 (7th Cir. 1985), is inconsistent with such a holding, we decline to follow it.
 
 
 13
 Appellant also offers a novel interpretation of the word 'appealable' in the November 20 order to justify its failure to timely file an appeal. Appellant argues that we should consider the word 'appealable' to mean that the order was an extension of time to file an appeal, as permitted under Rule 4(a)(5), Federal Rules of Appellate Procedure. Even if we could ignore the clear language of the motion and the order so as to treat them as a motion for, and grant of, an extension of time, the crucial issue is whether appellant reasonably relied on that intepretation of the order. Clearly, it did not. David Tachau, attorney for appellant, states in his response to this Court's show cause order that he was not aware of the untimeliness of appellant's motion for reconsideration--and thus could not have seen the need for an extension of time to file the appeal--until he received the Court's order on March 20, 1985. Hence, appellant is in no position to argue that the reason it did not file for an extension before the November 25 deadline is that it thought the lower court had already granted an extension.[3]
 
 
 14
 Appellant makes one final argument in favor of considering its appeal. It argues that we can treat the October 9 motion as a Rule 60(b) motion for relief from mistake in the District Court's September 25 judgment. The first obstacle to this theory of appealability is that appellant's motion was not characterized as a Rule 60(b) motion, nor does it lend itself to such a designation. Appellant titled its motion a 'Motion for Reconsideration' and in its proposed judgment recited Federal Rules of Civil Procedure 56 and 59 as the legal authority for such a judgment. The memorandum in support of the motion does not explicitly or implicitly cite any of the grounds for a Rule 60(b) order.[4] Cf. Butler v. Pearson, 636 F.2d 526, 528-29 (D.C. Cir. 1980) (allowing the motion to be characterized as a Rule 60(b) motion because it states the elements of excusable neglect). Rather, the memorandum confesses that appellant 'must have stated its position confusingly' in its Memorandum in Support of its Motion for Summary Judgment, and merely requests the District Court to 'reconsider the arguments made' in the summary judgment memorandum.
 
 
 15
 Even if appellant's motion were treated as a Rule 60(b) motion, appellant would not be entitled to appeal the original judgment. Because a Rule 60(b) motion does not toll the appeal period, appellant is only entitled to appeal the failure to grant relief under Rule 60, and we may not reverse the lower court's disposition of that motion unless there was an abuse of discretion. Browder v. Director, Dep't of Corrections of Illinois, 434 U.S. 257, 263 n.7 (1978). In light of the close question of contractual interpretation presented in this appeal, we cannot hold that that the District Court abused its discretion in failing to set aside its previous judgment upholding the arbitrator's interpretation of the collective bargaining agreement.
 
 
 16
 The appeal is dismissed for lack of jurisdiction.
 
 
 
 *
 Honorable Julian Abele Cook, Jr., United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Work Rule D.23 is such an offense
 
 
 [2]
 The case of Webb v. Department of Health and Human Services, 696 F.2d 101 (D.C. Cir. 1982), is distinguishable. There, the state of the law was unclear on whether a motion for attorney's fees was governed by Rule 59(e). Wishing to preserve his rights to attorney's fees, appellant filed a motion to amend the judgment, asking the court to clerify its position on attorney's fees. Appellees consented to the order amending the judgment, referring to Rule 59(e). Also, the District Court apparently treated the motion as a Rule 59 motion and amended the order to permit appellant to move for attorney's fees. Subsequently, the Supreme Court resolved the conflict concerning the applicability of Rule 59(e) to a motion for attorney's fees, holding that such a motion did not have to be filed within the 10-day period imposed by Rule 59(e), and hence was not a Rule 59 motion. In light of the District Court's willingness to grant the Rule 59 motion, and given the unsettled state of the law, the D.C. Circuit allowed the appeal. In our case, there was no uncertainty surrounding the requirement that a Rule 59 motion be filed within 10 days of the judgment. The District Court's consideration of appellant's motion could not have been interpreted as an implicit holding that there is no 10-day requirement
 
 
 [3]
 The fact that appellant did not realize its error until this Court brought it to appellant's attention belies any claim that the District Court induced appellant to file late. There is no evidence in the record that appellant would have discovered its mistake and cured it had the District Court not stated that its order was appealable. Hence, appellant has failed to prove the crucial element of reliance
 Even if appellant was justified in relying on the District Court's statement that the reconsideration motion was appealable, and assuming that absent such language, appellant would have realized its error, the time for filing an appeal had already expired. The best appellant could have done at that stage was file a motion for extension of time to file a notice of appeal. Such motions are granted at the discretion of the district court, upon a showing of 'excusable neglect or good cause.' Rule 4(a)(5), supra. On this record, we would not be able to make a finding of excusable neglect. Thus, even if we did find reasonable reliance on the November 20 order, the best result appellant could hope for is a remand to the District Court for a determination whether the conditions for granting an extension were met on or about November 20, 1984.
 
 
 [4]
 Rule 60(b) permits a court to relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment on which it has been based has been vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment