826 F.2d 1062
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Adib H. AQEEL, Plaintiff-Appellant,
v.
Richard P. SEITER; A.R. Jago; R. Zent; John F. Kinkela;
J.K. Jackson; James Jones; Rev. Fred Licciardi;
Rev. David Schwarz, Defendants-Appellees.
 No. 87-3100.
 United States Court of Appeals, Sixth Circuit.
 Aug. 20, 1987.
 
 Before MILBURN and RYAN, Circuit Judges, and GEORGE CLIFTON EDWARDS, JR., Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court upon consideration of the motion of the appellant for a determination of whether a class action should be maintained and the appellee's motion to dismiss the appeal for lack of jurisdiction because no final judgment was entered nor Rule 54(b), Federal Rules of Civil Procedure, certification made by the district court.
 
 
 2
 A review of the record indicates that the district court entered an order on December 1, 1986, granting the defendants' motion to dismiss the complaint, directing the clerk to enter a judgment, and directing the plaintiff that any motion for reconsideration must be filed within 30 days. The judgment was entered December 1, 1986.
 
 
 3
 A motion seeking reconsideration has been held analogous to a Rule 59(e), Federal Rules of Civil Procedure, motion to alter or amend. Kennedy v. City of Cleveland, 797 F.2d 297, 301 (6th Cir.1986); Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir.1982); Smith v. Hudson, 600 F.2d 60, 62 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979). A Rule 59(e), Federal Rules of Civil Procedure, motion must be served not later than 10 days after the entry of a judgment as computed by Rule 6(a), Federal Rules of Civil Procedure. Rule 59(b), Federal Rules of Civil Procedure. Rule 6(b), Federal Rules of Civil Procedure, prohibits the enlargement of the time for taking any action under Rule 59(e), Federal Rules of Civil Procedure.
 
 
 4
 A motion for reconsideration was filed on December 31, 1986, within the time period provided by the court but outside the period provided by the Federal Rules of Civil Procedure. On February 2, 1987, a notice of appeal was filed from the December 1, 1986, judgment. Reconsideration was denied in part and granted in part on March 31, 1987. The case is proceeding in the district court.
 
 
 5
 This court concludes that the motion to dismiss the appeal as having been taken from a nonfinal order is not well taken. Although there is a jurisdictional problem, the notice of appeal was taken from a final judgment. Actually, the February 2, 1987, notice of appeal from the December 1, 1986, judgment was 33 days late. Rules 4(a) and 26(a), Federal Rules of Appellate Procedure. The jurisdictional problem revolves around the fact that the motion for reconsideration was not served or filed within the time period prescribed by the Federal Rules of Civil Procedure but that it was filed within the time period allowed by the district court's December 1, 1986, order. Because of the unique circumstances of this case and the appellant's detrimental reliance upon the district court's order which provided for a 30 day period for filing a motion to reconsider, it would be unfair to the appellant to dismiss the appeal for lack of jurisdiction because of a late filed notice of appeal. Wolfsohn v. Hankin, 376 U.S. 203 (1964); Thompson v. Immigration and Naturalization Service, 375 U.S. 384 (1964); Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215 (1962). Because the district court intended to permit appellant thirty days in which to file a motion for reconsideration and the motion was filed within that period, the motion should be deemed to toll the appeals period as provided by Rule 4(a)(4), Federal Rules of Appellate Procedure. At the time the notice of appeal was filed, the motion for reconsideration had not yet been ruled upon. The February 2, 1987, notice of appeal is premature and of no effect. Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982). Reconsideration has since been denied in part and granted in part. A new notice of appeal may be filed within the period provided by Rule 4(a), Federal Rules of Appellate Procedure, after the district court enters its final decision.
 
 
 6
 It is ORDERED that the motions be denied and the appeal be dismissed for lack of jurisdiction because of a premature notice of appeal. Rules 9(b)(1), Rules of the Sixth Circuit.