**CONCLUSION**

Since the "unique circumstances" rule does not apply, we decline to hear Lawrence's appeal inasmuch as Lawrence filed his notice of appeal two days late. We **AFFIRM** the district court's denial of Lawrence's request for relief from judgment.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0053P (6th Cir.)
File Name: 03a0053p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

CARL LAWRENCE,
          *Plaintiff-Appellant,*
          *v.*
INTERNATIONAL
BROTHERHOOD OF
TEAMSTERS, CHAUFFEURS,
WAREHOUSEMEN, AND
HELPERS OF AMERICA;
WILLIAM J. MCCARTY,
Chairman of Teamsters
National Freight, General
President; RON CAREY,
Successor, Chairman of
Teamsters National Freight,
General President; DENNIS C.
SKELTON, National Freight
Director, Co-Chairman
Teamsters National Freight
Industrial Negotiating
Committee; JAMES A.
MCCALL, Associate General
Counsel; STEVEN WAITMAN,
President of Local 908;
TEAMSTERS LOCAL UNION
NO. 908,
          *Defendants-Appellees.*

> No. 01-3981

Appeal from the United States District Court
for the Northern District of Ohio at Toledo.
No. 98-07047—James G. Carr, District Judge.

Argued:  January 29, 2003

Decided and Filed:  February 18, 2003

Before:  NELSON and CLAY, Circuit Judges; HAYNES,
District Judge.[*]

———————

### COUNSEL

**ARGUED:**  Terry L. Hord, Ada, Ohio, for Appellant.
Frederick G. Cloppert, Jr., CLOPPERT, LATANICK,
SAUTER & WASHBURN, Columbus, Ohio, Diana S.
Brown, LOGOTHETIS, PENCE & DOLL, Dayton, Ohio, for
Appellees.  **ON BRIEF:**  Terry L. Hord, Ada, Ohio, for
Appellant.  Frederick G. Cloppert, Jr., CLOPPERT,
LATANICK, SAUTER & WASHBURN, Columbus, Ohio,
Diana S. Brown,  John R. Doll, LOGOTHETIS, PENCE &
DOLL, Dayton, Ohio, for Appellees.

———————

### OPINION

———————

   CLAY, Circuit Judge.  Plaintiff Carl Lawrence, appeals the
denial of his request for relief from judgment pursuant to Fed.
R. Civ. P. 60(b), following an order of summary judgment
against Lawrence in his breach of duty of fair representation
claim arising under 29 U.S.C. § 185.  We **AFFIRM**.

———————

[*] The Honorable William J. Haynes, Jr., United States District Judge
for the Middle District of Tennessee, sitting by designation.

*Hollins.  See Frazier v. United States*, No. 97-6338, 2000 WL
658072 (6th Cir. May 9, 2000).  In *Frazier,* we dismissed an
attempt by counsel to blame the tardiness of his client's
habeas petition on a clerk who allegedly provided the attorney
with improper filing information. *Id*. at *1.  As we explained,
"this court has not subscribed to the Eleventh Circuit's lenient
interpretation of the 'unique circumstances' exception." *Id.*

   Second, prior to *Osternak*, we interpreted *Thomson*'s
holding this way:  "[An] appeal would be considered timely
because the appellant had done something which would have
extended the time for appeal if properly done, and relied on
*the district court's* statement that it was done properly."
*Denley v. Shearson/Am. Express, Inc.*, 733 F.2d 39, 42 (6th
Cir. 1984) (emphasis added).  Although one could attempt to
interpret "district court" very broadly, to do so would strain
the meaning of "district court."  Clerks and court personnel
work *for* the district court, they are not *the* district court.

   Third, the Supreme Court has only applied the "unique
circumstances" doctrine in four cases.  *See Osternak*, 489
U.S. 169, *Wolfsohn v. Hankin,* 376 U.S. 203 (1964);
*Thompson,* 375 U.S. 384; *Harris Truck Lines, Inc. v. Cherry
Meat Packers, Inc.,* 371 U.S. 215 (1962).  Each of these cases
involved mistaken court rulings or orders rather than poor
advice from a court clerk.  *See Osternak,* 489 U.S. at 178;
*Wolfsohn,* 376 U.S. at 203-04; *Thompson,* 375 U.S. at 385-87;
*Harris Truck Lines,* 371 U.S. at 216-17.

   Fourth, limiting the phrase "judicial officer" to judges
makes sense because "a formal order or ruling (1) generates
the highest level of justifiable reliance, and (2) raises virtually
no possibility of evidentiary problems for appellate courts
faced with applying the exception." *Moore*, 100 F.3d at 164.
Thus, policy and precedent each point strongly against the
lenient  "unique circumstances" rule that Lawrence would
have this Court adopt.

only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." *Osterneck v. Ernst & Whitney*, 489 U.S. 169, 179 (1989).

With one exception, every circuit to have considered the issue has found that the phrase "judicial officer" in *Osterneck* refers only to judges. *See, e.g. Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 152 (2d Cir. 1999) ("[S]tatements by a member of the clerk's office staff are not official judicial assurances that qualify as unique circumstances."); *Moore v. South Carolina Labor Bd.*, 100 F.3d 162, 164 (D.C. Cir. 1996) ("This case does not qualify for application of the unique circumstances doctrine because although the statements made by the clerk's office staff may constitute specific assurances, they cannot fairly be characterized as official judicial action."); *United States v. Heller*, 957 F.2d 26, 29 (1st Cir. 1992) ("We understand the term 'judicial officer' in this context to mean a judge, not an employee in the office of the clerk."); *Sonicraft, Inc. v. NLRB*, 814 F.2d 385, 387 (7th Cir. 1987) (reasoning that "judicial officers" must mean judges because "subordinate employees of the judiciary have no authority to waive congressional limitations on judicial power").

In contrast to the weight of the authority, the Eleventh Circuit has "decided that the unique circumstances doctrine may apply where the appellant is lulled by assurances from the clerk's office instead of the district court itself." *Hollins v. Dep't of Corr.*, 191 F.3d 1324, 1328 (11th Cir. 1999). In *Hollins*, counsel relied on a clerk's office electronic docket system to determine, incorrectly, that the court had not yet filed a final order. *Id.*

Even assuming *Hollins* did not reflect an extreme minority position, there are four reasons to firmly conclude that the "unique circumstances" doctrine does not apply here. First, albeit in an unpublished opinion, we have already rejected

## BACKGROUND

Lawrence worked as a truck driver for Duff Truck Line, Inc., and its successor, O.K. Trucking Company ("O.K."), from 1957 through 1991. In early 1992, O.K. was sold to Wintz Parcel Drivers ("Wintz"). *Lawrence v. Int'l Bhd. of Teamsters I*, No. 98-3968, 2000 U.S. App. LEXIS 1288, at *2-3 (6th Cir. Jan. 21, 2000). The International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America ("IBT") and its Local 908 were the exclusive bargaining agents for employees of O.K. Trucking. *Id.* at *3. In January, 1992, Lawrence began filing grievances with Local 908 alleging that O.K. failed to follow the collective bargaining agreement ("CBA"). *Id.* Lawrence also claimed that Wintz discharged him in violation of the CBA, which remained in force after Wintz purchased O.K. *Id.* Lawrence demanded that Defendants process the grievances on his behalf and secure his reinstatement along with back pay and benefits. *Id.* In his complaint, Lawrence claimed Defendants led him to believe they were processing his grievances, when in reality they took no action. *Id.* at *4.

On December 31, 1997, Lawrence filed a complaint in the Court of Common Pleas, in Allen County, Ohio, alleging that the International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America (IBT), some of its individual officers, and Steven Waitman, President of Teamsters Local Union No. 908 mishandled eleven grievances Lawrence filed against his employer. Defendants removed the case to federal court. On July 13, 1998, the district court granted Defendants' motions to dismiss. Lawrence filed a timely appeal on August 11, 1998. This Court affirmed the lower court's ruling as to four of the grievances, but reversed as to the remaining seven. *See Lawrence I*, 2000 U.S. LEXIS 1288.

On July 21, 2000, the district court ordered that it would not accept hard copies of pleadings unless provided for in its *Electronic Policies and Procedures Manual*. Thereafter, the

parties conducted discovery and Defendants moved for summary judgment, which the court granted on March 12, 2001.

Evidently, defense counsel had never filed papers electronically prior to this litigation. After the district court granted Defendants summary judgment on March 12, 2001, defense counsel contacted the court to find out when he needed to electronically file his notice of appeal. Counsel claims that when he asked whether April 13, 2001 was the last day to file an appeal, a clerk agreed.

A party must file a notice of appeal within thirty days of entry of the judgment being appealed. Fed. R. App. P. 4(a)(1). In calculating the thirty days, the day on which the judgment was entered is excluded, but the last day is included unless it is a Saturday, Sunday, or legal holiday. Fed. R. App. P. 26(a). Lawrence had thirty days after March 12, or until April 11, 2001. April 11, 2001 was a Wednesday. Lawrence filed his appeal on April 13, 2001.

The records of the Court of Appeals reflect receipt of that appeal on May 31, 2001. On June 20, 2001, with the appeal still pending, Lawrence moved the district court for relief from judgment pursuant to Fed. R. Civ. P. 60(b).[1] The court denied the 60(b) request on August 16, 2001. On September 12, 2001, Lawrence timely appealed that denial.

We then dismissed the first appeal as untimely on September 19, 2001. *Lawrence v. Int'l Bhd. of Teamsters*, No. 01-3529, slip op. (6th Cir. Sept. 19, 2001) (order dismissing case as untimely filed).

---

[1]This tracks the procedure this Court outlined in *Lewis v. Alexander*, 987 F.2d 392, 395 (6th Cir. 1993), that attorneys should follow when they discover after filing an appeal that the appeal is untimely.

## DISCUSSION

This Court will not reverse a district court's denial of a motion for relief from judgment pursuant to 60(b) unless it finds an abuse of discretion. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381 (6th Cir. 2001) (citing *Thomson v. Am. Home Assurance Co.*, 95 F.3d 429, 432-33 (6th Cir. 1996)). We find no abuse of discretion here.

### A.   The "Unique Circumstances" Doctrine Defined.

In *Thompson v. INS*, 375 U.S. 384 (1964), the plaintiff filed an untimely motion for a new trial. *Id*. at 386. The defendant did not object to the untimely motion and the trial court asserted that the plaintiff had made the motion "in ample time." *Id*. After the court ultimately denied the post-trial motion, the plaintiff appealed. *Id*.

At the appellate level, the defendant argued that the motion for a new trial was untimely and thus did not toll the time for filing the notice of appeal. *Id*. at 385. The Seventh Circuit agreed and dismissed the appeal as untimely. *Id*. The Supreme Court reversed, ruling that it was the district court's error in finding the motion for a new trial timely and the plaintiff's justifiable reliance on that finding that caused the plaintiff to appeal outside the time limit. *Id*. at 387. Under these "unique circumstances," the Supreme Court remanded the case to the Seventh Circuit with instructions to consider the merits of the plaintiff's appeal. *Id*.

Lawrence now argues that this Court, following *Thompson*, should reverse the district court's denial of the motion for relief from judgment, which would allow the lower court to enter a new judgment and, correspondingly, to grant Lawrence additional time to perfect his appeal.

### B.   The "Unique Circumstances" Rule is Inapplicable.

*Thompson* is distinguishable.   The Supreme Court subsequently explained that "[b]y its terms, *Thompson* applies