BLACK, Circuit Judge,
specially concurring:
Because this is a capital case, I find the result reached today very troubling. Ulti *1299 mately, however, the facts in this case do not permit us to apply the “unique circumstances” doctrine.
There was no reliance upon a representation or order from the district court. See Butler v. Coral Volkswagen, Inc., 804 F.2d 612, 613 (11th Cir.1986) (discussing petitioner’s reliance on the district court’s extension of the time in which a new trial motion could be amended); Inglese v. Warden, U.S. Penitentiary, 687 F.2d 362, 362-63 (11th Cir.1982) (discussing petitioner’s reliance on the district court’s order extending the time in which a Rule 59(e) motion could be filed). Nor was there reliance on assurances received from the clerk’s office pertaining to the administrative functions of the clerk’s office, about which attorney familiarity could not be presumed. See Hollins v. Department of Corrections, 191 F.3d 1324, 1326 (11th Cir.1999) (observing that the district court’s PACER system failed to show the district court’s entry of a final order); Willis v. Newsome, 747 F.2d 605, 606 (11th Cir.1984) (noting that the clerk’s office gave assurances regarding “local custom” and practice for stamping notices of appeal).
Here, Petitioner’s counsel called and asked the clerk for legal advice — specifically, how to interpret the procedural rules regarding the time for filing a Rule 59(e) motion. Petitioner thus did not rely on either representations made by the district court or assurances from the clerk’s office pertaining to an administrative function.
The “unique circumstances” doctrine does not permit us to reassign the lawyer’s obligation to read the relevant rules and case law. In other words, it is not the responsibility of the clerk’s office to inform the lawyer of the law. See Rezzonico v. H & R Block, Inc., 182 F.3d 144, 152 (2d Cir.1999) (finding no unique circumstances where appellants relied on representations from the clerk’s office involving legal matters). As we have previously noted, even in a case as grave as this, an equitable remedy such as the “unique circumstances” doctrine does “not exist merely to rehabilitate attorney oversight or inadvertence.” Pinion v. Dow Chemical, U.S.A., 928 F.2d 1522, 1534 (11th Cir.1991). Therefore, I must very reluctantly join in the opinion.