**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**Filed 6/3/96**

**TENTH CIRCUIT**

---

In re: HOME & FAMILY, INC.,

    Debtor.

---

HOME & FAMILY, INC.,

    Plaintiff - Appellant,

v.

ENGLAND RESOURCES
CORPORATION, HEATECH
INTERNATIONAL, INC.,

    Defendants - Appellees.

No. 95-1239

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 94-M-2870)**

---

Philip D. Geil of Geil, Jeffers & Waitkus, P.C., Boulder, Colorado for Plaintiff - Appellant.

Michael G. Martin of Baker & Hostetler, Denver, Colorado for Defendants - Appellees.

---

Before **HENRY**, **BRISCOE** and **LUCERO**, Circuit Judges.

---

**LUCERO**, Circuit Judge.

We review this case to determine whether the doctrine of "unique circumstances" saves Home & Family, Inc. (HFI) from the district court's dismissal of its bankruptcy appeal. The doctrine permits an untimely appeal to go forward "where a party has performed an act which, if properly done, would postpone the deadline for filing an appeal and has received specific assurance by a judicial officer that this act has been properly done." Osterneck v. Ernst & Whinney, 489 U.S. 169, 179 (1989). We agree with the district court that the doctrine does not apply here and affirm.

I

HFI sought a declaration from the bankruptcy court that it held rights in intellectual property claimed by appellees. On November 2, 1994 the bankruptcy court entered an order granting summary judgment against HFI. On November 14, HFI filed a "Motion for Additional Time to Reconsider Court's Order of November 2, 1994." HFI asked the bankruptcy court to extend the time to file a motion to reconsider or a notice of appeal through December 1. A clerk's minute order was entered on November 16 granting the motion. On that same day, the United States Trustee (not a party to this appeal) filed an objection to HFI's motion. The Trustee argued that motions to reconsider are properly characterized as motions to amend or alter judgment under Fed. R. Bankr. P. 9023, and that extensions of time to file such motions are prohibited by Fed. R. Bankr. P.

9006(b)(2). In support of these contentions, the Trustee cited In re Antell, 155 B.R. 921 (Bankr. E.D. Pa. 1992).

On December 1, 1994 HFI filed a "Motion to Reconsider and Amend Order Granting Defendants' Motion for Summary Judgment." HFI does not dispute the characterization of this motion as one filed under Fed. R. Bankr. P. 9023. On December 6, the bankruptcy court vacated its order granting HFI additional time to file that motion, concluding that it had no authority to grant that extension in the first instance. Eight days later, HFI filed a Motion to Amend asking the bankruptcy court to grant it an additional ten days to file an appeal, on the basis of the doctrine of unique circumstances. On that same day, HFI filed a Notice of Appeal with the district court. The bankruptcy court denied the Motion to Amend.

Although HFI's appeal was untimely, the district court noted that the "unique circumstances" exception might permit it to be heard. See Senjuro v. Murray, 943 F.2d 36, 37 (10th Cir. 1991) (per curiam). The court surveyed the case law, and concluded that this Circuit has applied the doctrine "somewhat inconsistently." Thus, the court turned for guidance to Pinion v. Dow Chemical, U.S.A., 928 F.2d 1522 (11th Cir.), cert. denied, 502 U.S. 968 (1991). In Pinion, the Eleventh Circuit held that attorneys are presumed to be familiar with the rules of the courts in which they practice, and therefore, represented parties may not invoke the "unique circumstances" exception to permit them to rely on an order that a lower court had no authority to enter. 928 F.2d at 1533 and n.11. The district

court applied Pinion and held that HFI could not reasonably rely on the bankruptcy court's extension of time to file its Rule 9023 motion because that extension was specifically prohibited by the Rules. Further, the district court noted that the trustee's objection put HFI on notice that the bankruptcy court had no authority to grant that extension. The district court found that unique circumstances were not present and dismissed the appeal.

## II

We recognize that courts and counsel have faced difficulties trying to tune into one band the discordant signals emanating from our "unique circumstances" jurisprudence. Some background may prove helpful. The doctrine traces its origin to three Supreme Court cases. In the first, the Court reinstated an untimely appeal when the appellant reasonably relied on the district court's initial finding that an extension under Fed. R. Civ. P. 73(a) was justified due to counsel's excusable neglect. Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215, 217 (1962) (per curiam).

The scope of the doctrine was expanded, over vigorous dissent, in two subsequent Supreme Court opinions. See Wolfsohn v. Hankin, 376 U.S. 203 (1964) (per curiam); Thompson v. Immigration and Naturalization Serv., 375 U.S. 384 (1964) (per curiam). In Wolfsohn, the Supreme Court reversed the dismissal of an appeal as untimely in a one sentence opinion citing Harris Truck Lines and Thompson. Four Justices dissented in an opinion written by a member of the Harris Truck Lines majority, arguing that Harris

- 4 -

Truck Lines should be confined to its facts -- the situation where a party reasonably relies on the district court's finding of "excusable neglect" under Fed. R. Civ. P. 73(a). Wolfsohn, 376 U.S. at 203 (Clark, J., dissenting). In the dissenters' view, Thompson and Wolfsohn represented an unwarranted extension of Harris Truck Lines because those opinions gave district judges "de facto power to grant extensions of time, directly contra to the definite requirements" of Fed. R. Civ. P. 6, 52 and 59. Id. at 204. See also Thompson, 375 U.S. at 389 (Clark, J., dissenting) (Harris Truck Lines is distinguishable because Fed. R. Civ. P. 73(a) permits extensions of time). Since Wolfsohn, the Supreme Court has not invoked the doctrine to permit an appeal to go forward, but neither has it repudiated the doctrine. See Osterneck, 489 U.S. at 179.

In light of intervening Supreme Court opinions emphasizing the jurisdictional nature of filing deadlines, see, e.g., Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982); Browder v. Director, Dep't of Corrections of Illinois, 434 U.S. 257 (1978), the trend among the circuits is toward restricting application of the "unique circumstances" doctrine. Several of our sister circuits hold that, because attorneys are presumed to be familiar with the Federal Rules, reliance on an order purporting to grant additional time pursuant to a rule that does not permit an extension is unreasonable. See, e.g., Pinion, 928 F.2d at 1533 and n.11; Kraus v. Consolidated Rail Corp., 899 F.2d 1360, 1365-66 (3d Cir. 1990). This Circuit was one of the first to adopt this approach. We found that an appellant's reliance on an order enlarging time to appeal was not reasonable because

counsel are charged with knowledge that Fed. R. App. P. 4(a)(5) does not permit extensions of time in excess of ten days. Certain Underwriters at Lloyds of London v. Evans, 896 F.2d 1255, 1258 (10th Cir. 1990).

The problem is that Certain Underwriters seems to conflict with a prior Tenth Circuit opinion that permitted an appeal to go forward when the district court improperly extended the time to file a motion under Fed. R. Civ. P. 59(e). Stauber v. Kieser, 810 F.2d 1, 1-2 (10th Cir. 1982) (per curiam). Apparently, the Stauber panel found "unique circumstances" to be present without evaluating the reasonableness of appellants' reliance. Id. Stauber is not a mere aberration. It was cited in a post-Certain Underwriters case that permitted a bankruptcy creditor to proceed with an untimely complaint when a bankruptcy court improperly extended the time to file such complaints. Themy v. Yu (In re Themy), 6 F.3d 688, 690 (10th Cir. 1993). We held there the bankruptcy court's equitable power to rectify its own mistakes in the interest of justice permitted it to entertain the complaint. Id. at 689-90. In re Themy cited Stauber for the proposition that the jurisdictional nature of filing deadlines did not preclude the complaint from going forward. Id. at 690. See also Collard v. United States, 10 F.3d 718, 721 (10th Cir. 1993) (Holloway, Ch. J., dissenting) (Stauber was "emphatically reaffirmed" in In re Themy and allows an appeal to proceed when district court extended time to file Rule 59(e) motion).

We recognize that it may become necessary for this Circuit to decide whether Stauber's implicit holding -- that parties represented by counsel may reasonably rely on

an order entered in excess of a court's jurisdiction -- remains the law. Today is not the day. We are mindful of our duty to refrain from rendering opinions on "'abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue'" in the case before us. Church of Scientology of California v. United States, 506 U.S. 9, 12 (1992) (quoting Mills v. Green, 159 U.S. 651, 653 (1895)). The United States Trustee's objection to HFI's motion for additional time to file a Rule 9023 motion gave HFI actual notice that the bankruptcy court did not have the power to grant that extension. Therefore, we need not attempt to resolve the conflict between Stauber and Certain Underwriters on the question of constructive notice.

III

HFI argues that it was reasonable for it to rely on the bankruptcy court's extension of time, and refers to unpublished opinions of the United States Bankruptcy Court for the District of Colorado, granting extensions of time similar to the one granted in this case. Because HFI's counsel was accustomed to the granting of such extensions, HFI contends that it was reasonable to rely on the bankruptcy court's order. We reject this argument.

HFI misapprehends the issue when it asks whether an Eastern District of Pennsylvania bankruptcy opinion that precludes such extensions is binding on a bankruptcy court in Colorado, or this Court. Of course not. The determinative inquiry is whether HFI's reliance on the bankruptcy court's extension was reasonable in the light of its awareness of Fed. R. Bankr. P. 9006(b)(2) as well as Antell. Antell's square holding

- 7 -

that a bankruptcy court has no power to extend the time to file a motion for reconsideration, 155 B.R. at 925, clearly supports the reasoning advanced by the Trustee. The plain language of Rule 9006(b)(2), that "[t]he court may not enlarge the time for taking action" under Rule 9023, compels Antell's holding. HFI's attention was directed to Rule 9006(b)(2) and the Antell opinion two weeks before its time to file an appeal expired. At that point, it was on notice that the bankruptcy court's order of November 16 extended only the time to file a notice of appeal. HFI chose to file a Rule 9023 motion instead. Under these circumstances, its reliance on the bankruptcy court's order was unreasonable. Equity does not require acceptance of a late filing here.

We sympathize with counsel, whose experience led him to believe that his client was entitled to rely on the bankruptcy court's order. However, Supreme Court and Tenth Circuit law make it clear that, whatever the precise contours of the "unique circumstances" exception may be, it is a disfavored doctrine that is to be applied only in "carefully limited circumstances." Senjuro, 943 F.2d at 37. When a party is made aware that an order extending time was entered in excess of the court's jurisdiction, and there is still time to file a notice of appeal, it is unreasonable to continue relying on that order. See Certain Underwriters, 896 F.2d at 1258. Reasonable reliance being the mainstay of the "unique circumstances" doctrine, the doctrine has no application here.

Our resolution of this issue makes consideration of appellant's other contentions unnecessary. The district court's dismissal of this appeal is **AFFIRMED**.