In re Deborah Anne FURST, also known as Deborah Anne Garey, Debtor.

Richard A. FURST, Appellant,

v.

Deborah Anne FURST;  and Bill J. Sholer, Trustee, Appellees.

BAP No. NM–97–013.
Bankruptcy No. 94–10622.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

April 2, 1997.

Before BOHANON, PEARSON, and ROBINSON, Bankruptcy Judges.

---

## ORDER OF DISMISSAL

PER CURIAM.

The matter before the Court is the question of whether we have jurisdiction to hear the merits of this appeal. We conclude that the notice of appeal filed by Richard A. Furst ("Appellant") is untimely, and that this appeal should be DISMISSED.

## BACKGROUND

The Appellant filed three motions in the bankruptcy case of Deborah Anne Furst ("Debtor"): an objection to the Debtor's claim of exemptions, a motion to compel the Debtor to produce documents and attend depositions, and a motion to transfer the case. On February 9, 1997, the Bankruptcy Court entered an order denying these motions. The Appellant filed a notice of appeal on February 20, 1997.

On February 27, 1997, we issued a Notice of Deficiency and Order to Show Cause ("NOD") to the Appellant. The NOD stated that the notice of appeal appeared to be untimely, and ordered the Appellant to show cause why the appeal should not be dismissed.

Appearing pro se, the Appellant responded by to the NOD by asserting that he had filed his notice of appeal in accordance with information he received from the clerk's office (presumably, the Bankruptcy Court Clerk's Office). Specifically, the Appellant stated:

I asked the clerks [sic] office in New Mexico that I be given all the information

to file an appeal. I was told that this is what had been done.

I was informed by the clerks [sic] office in New Mexico that due to the President's Day Holiday we had until the 20th to file the appeal.

President's Day was Monday, February 17, 1997.

## DISCUSSION

■ The time for filing a notice of appeal is set forth in Fed.R.Bankr.P. 8002, which requires that the notice of appeal be filed within ten days after the date the order is entered. Fed.R.Bankr.P. 8002(a). Rule 8002 "is strictly construed and requires strict compliance," and the failure to timely file a notice of appeal is "a jurisdictional defect barring appellate review." *Deyhimy v. Rupp (In re Herwit)*, 970 F.2d 709, 710 (10th Cir.1992). The fact that President's Day occurred during the ten-day period did not affect the appeal period, because legal holidays are counted in computing the time to file an appeal. Fed.R.Bankr.P. 9006(a); *see Deyhimy*, 970 F.2d at 710 n. 3. The last date for filing a notice of appeal in the present case was Wednesday, February 19, 1997. The notice of appeal, filed on Thursday, February 20, was untimely.[1]

■ Because the Appellant allegedly received erroneous advice from the clerk's office regarding the time for filing a notice of appeal, and because the Appellant is not represented by counsel, we consider whether the doctrine of unique circumstances applies. This doctrine allows an appellate court to hear an untimely appeal "where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 179, 109 S.Ct. 987, 993, 103 L.Ed.2d 146 (1989); *see Home & Family, Inc. v. England Resources Corp. (In re Home & Family, Inc.)*, 85 F.3d 478, 479 (10th Cir.1996).

---

1. If President's Day had been the last day on which the Appellant could have filed his appeal, the time for filing the notice of appeal would have been extended to the next day. *See* Fed. R.Bankr.P. 9006(a). However, President's Day occurred two days earlier.

■ We conclude that the doctrine of unique circumstances cannot be applied here, for two reasons. First, taking the Appellant's allegations as true, the Appellant merely contacted someone in the Bankruptcy Court Clerk's Office. The Appellant did not perform an act which, if properly done, would have extended the time to file a notice of appeal, and thus does not fall within the scope of the doctrine of unique circumstances. *Osterneck,* 489 U.S. at 179, 109 S.Ct. at 993; *Home & Family,* 85 F.3d at 479.

■ Second, the doctrine requires that a judicial officer provide specific assurances that the time for filing a notice of appeal has been extended. For the purposes of the doctrine, only the trial judge is a judicial officer. *Carlisle v. United States,* —— U.S. ——, ——, 116 S.Ct. 1460, 1467, 134 L.Ed.2d 613 (1996) ("*Thompson [v. INS,* 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964) ], however, is not pertinent here, since it expressly relied upon the ' "unique circumstances," ' that the cause of the failure to meet the Rule's deadline was *an erroneous ruling or assurance by the District Court itself.*" (emphasis added) (quoting *Thompson,* 375 U.S. at 387, 84 S.Ct. at 398–99)); *Moore v. S.C. Labor Board,* 100 F.3d 162, 164 (D.C.Cir. 1996) (doctrine did not apply where pro se appellant was given incorrect advice by district court clerk's office regarding the time to file a notice of appeal); *United States v. Heller,* 957 F.2d 26, 31 (1st Cir.1992) (same); *Sonicraft, Inc. v. NLRB,* 814 F.2d 385, 387 (7th Cir.1987) (neither court of appeals staff attorney nor clerk's office employee was judicial officer for the purpose of the doctrine). This conclusion serves two purposes: (1) it limits application of the doctrine to those cases involving the highest level of justifiable reliance, and (2) it eliminates evidentiary problems for the appellate courts regarding whether the incorrect advice was in fact given. *Moore,* 100 F.3d at 164.

■ "Supreme Court and Tenth Circuit law make it clear that, whatever the precise contours of the 'unique circumstances' exception may be, it is a disfavored doctrine that is to be applied only in 'carefully limited circumstances.' " *Home & Family,* 85 F.3d at 481 (quoting *Senjuro v. Murray,* 943 F.2d 36,

37 (10th Cir.1991)). These circumstances are not found in this case. Although we are sympathetic to the fact that the Appellant does not have the advice of counsel, this does not relieve him of the responsibility to follow the same rules of procedure as represented parties. *E.g., Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir.1994) (affirming district court order dismissing bankruptcy appeal for failure to prosecute).

We acknowledge that our ruling could cause hardship to pro se litigants who, lacking procedural expertise, understandably look to clerk's office. personnel for procedural guidance. Self-represented parties must be aware from the outset that advice from that quarter is merely advice and cannot excuse a failure to meet fundamental jurisdictional requirements. They must be aware, too, that this is a risk they assume when they opt to proceed pro se. *Heller,* 957 F.2d at 32.

## CONCLUSION

For the foregoing reasons, it is HEREBY ORDERED THAT this appeal is DISMISSED.

A certified copy of this Order, sent to the Bankruptcy Court, shall stand as and for the mandate of the Court.