F I L E D
United States Court of Appeals
Tenth Circuit

JUL 30 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

SHIRLEY J. STUMP, doing business
as Multi-Skill Computer Training
Center,

        Plaintiff-Appellant,

v.

PATRICK BACA, New Mexico
Secretary of Labor; RONALD
MARTINEZ, Director, New Mexico
Department of Labor Job Training
Division; CONNIE RIESCHMAN,
Chief Legal Counsel, New Mexico
Department of Labor; PATRICK
NEWMAN, Bureau Chief, New
Mexico Department of Labor Job
Training Division; ERNESTO
GOMEZ, Supervisor, New Mexico
Department of Labor Job Training
Division; NANCY CHAVEZ, Field
Representative, New Mexico
Department of Labor Job Training
Division, Las Cruces Labor Service;
and RACHEL TAIS, Field
Representative, New Mexico
Department of Labor Job Training
Division, Silver City Labor Service,
individually and as employees of the
New Mexico Department of Labor,

        Defendants-Appellees.

No. 96-2205
(D.C. No. CIV-93-1355-JC)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before BRORBY, BARRETT, and MURPHY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

On June 28, 1996, the district court entered its order granting summary judgment to defendants on plaintiff-appellant Shirley J. Stump's civil rights complaint. On July 23, plaintiff filed a motion to reconsider which was denied by the district court in an order entered on August 7. Plaintiff filed her notice of appeal on August 29.

Plaintiff, appearing pro se, asks us to review the grant of summary judgment by the district court. We have no jurisdiction to review the grant of summary judgment; our review of the district court's order denying plaintiff

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

postjudgment relief under Fed. R. Civ. P. 60(b) reveals no abuse of discretion, and we affirm.

Under Fed. R. App. P. 4(a), plaintiff had thirty days from June 28, the date of the entry of summary judgment, in which to file her notice of appeal from that order. Instead of filing a timely notice of appeal, however, plaintiff, on July 23, filed a "Motion to Set Aside and To Reconsider or In The Conjunctive Leave to Amend." Because this motion was served after the ten-day deadline for filing a motion under Fed. R. Civ. P. 59(e), the court properly treated it as a motion for relief under Fed. R. Civ. P. 60. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).

The district court's order denying plaintiff Rule 60(b) relief was filed on August 7. Plaintiff filed her notice of appeal on August 29, making it timely as to the order denying Rule 60(b) relief, because it was within the thirty-day period prescribed by Rule 4(a), but, as discussed below, too late to secure review of the underlying judgment.

An appeal from the denial of a Rule 60 motion "raises for review only the district court's order of denial and not the underlying judgment itself." Van Skiver, 952 F.2d at 1243. Our review of the briefs and the record in this appeal reveals no grounds upon which Rule 60 relief would have been proper. The

district court did not abuse its discretion in refusing to grant such relief, and its August 7th order to that effect is affirmed.

Because the notice of appeal here was filed more than thirty days after the entry of the June 28 summary judgment order, it was untimely and did not vest this court with jurisdiction to review that order. See Certain Underwriters at Lloyds of London v. Evans, 896 F.2d 1255, 1256 (10th Cir. 1990). In an effort to avoid such a result, plaintiff cites the unique circumstances doctrine of Thompson v. Immigration & Naturalization Service, 375 U.S. 384 (1964), as authority justifying our review of the summary judgment despite the untimely notice of appeal. That case, however, will not support jurisdiction in this situation. The unique circumstances doctrine, which is strictly construed, see Osterneck v. Ernst & Whinney, 489 U.S. 169, 179 (1989), "permits an untimely appeal to go forward 'where a party has performed an act which, if properly done, would postpone the deadline for filing an appeal and has received specific assurance by a judicial officer that this act has been properly done.'" Home & Family, Inc. v. England Resources Corp. (In re Home & Family, Inc.), 85 F.3d 478, 479 (10th Cir. 1996) (quoting Osterneck, 489 U.S. at 179).

Plaintiff argues that the poor advice she received from an attorney coupled with the fact that she did not receive a copy of the summary judgment order until

July 9[1] should constitute unique circumstances sufficient to excuse her late notice of appeal. These circumstances do not meet the strict requirement of <u>Osterneck</u>. There is no evidence that any judicial officer assured plaintiff that filing her motion to reconsider could somehow postpone the deadline for filing her notice of appeal.

Nor is plaintiff saved by the fact that the district court accepted the filing and ruled on it. The court appropriately accepted the filing as one under Rule 60(b), and ruled on it as it was required to do. This action in no way implies the grant of additional time in which to file a notice of appeal from the underlying judgment. <u>See</u> <u>United States v. Martinez</u>, 681 F.2d 1248, 1254 (10th Cir. 1982).

The judgment of the United States District Court for the District of New Mexico denying relief to plaintiff under Rule 60(b) is AFFIRMED.

Entered for the Court

James E. Barrett
Senior Circuit Judge

---

[1] Plaintiff would have needed to file a Rule 59(e) motion by Monday, July 15, 1996, and/or a notice of appeal by Monday, July 29, 1996 in order to have the merits of the summary judgment order reviewed by either the district court or this court.