**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 30 2000**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS
# TENN CIRCUIT

TROY LAMONTE FIELDS,

    Plaintiff-Appellant,

v.

ROY ROMER, Governor;
ARISTEDES W. ZAVARAS;
COLORADO DEPARTMENT OF
CORRECTIONS, EMPLOYEES
KNOWN AND UNKNOWN; STATE
OF COLORADO; BOWIE COUNTY
CORRECTIONAL FACILITY, also
known as Bowie County Detention
Center, Bowie County Detention
Facility, Bowie County Sheriff
Department, and Bowie County Jail,
EMPLOYEES KNOWN AND
UNKNOWN; MARY CHOATE;
TONY RICHARDSON, COLORADO
CORRECTIONAL EMPLOYEES
KNOWN AND UNKNOWN; BOWIE
COUNTY CORRECTIONAL
EMPLOYEES KNOWN AND
UNKNOWN; BRG HOLDING, INC.,
a Texas corporation,

    Defendants-Appellees,

and

KARNES COUNTY, TEXAS, a
political subdivision of the State of
Texas; ROD ELLIS, Warden of the
Karnes County Correctional Center,

    Defendants.

No. 99-1331
(D.C. No. 95-K-2013)
(Colorado)

## ORDER AND JUDGMENT*

Before **SEYMOUR**, Chief Judge, **EBEL**, and **BRISCOE**, Circuit Judges.

Mr. Fields is a state prisoner under the custody of the Colorado Department of Corrections (CDOC).  Following his transfer, along with other prisoners, to the Bowie County Correctional Facility (BCCF) in Bowie County, Texas, Mr. Fields filed this pro se action under 42 U.S.C. § 1983 alleging he was being subjected to cruel and unusual punishment in violation of the Eighth Amendment.  His action for damages was severed from a pending class action filed on behalf of all Colordo inmates who had been transferred to the BCCF due to overcrowding.  As a result of the class action, the inmates, including Mr. Fields, were transferred back to Colorado.  In the present damage action, the district court granted defendants' motions to dismiss.

Mr. Fields alleges that the conditions at the Bowie County Correctional Facility (BCCF)  were generally inhumane.  He also describes three macing

---

*After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

incidents which occurred while he was housed there.  Mr. Fields' complaint

names as defendants, *inter alia*, the Governor of Colorado, Roy Romer; the

Executive Director of the CDOC, Aristedes Zavaras; the CDOC itself; the Sheriff

of Bowie County, Mary Choate; and the warden of the Bowie County Correctional

Center, Tony Richardson.[1]

The district court dismissed the complaint with prejudice against all

defendants under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  Adopting

the Magistrate Judge's Report and Recommendation, the court dismissed the

complaint against Mr. Richardson because he was not served with process, and

against the CDOC on the basis of its Eleventh Amendment immunity.  It

dismissed the suit against all other defendants for Mr. Fields' failure to allege

their personal participation in his treatment while at the BCCF.

Before proceeding to the merits, we address our jurisdiction over this

appeal.  The district court's final judgment was filed on April 19, 1999, giving

Mr. Fields sixty days from that date in which to timely file a notice of appeal.

*See* Fed. R. App. P. 4(a)(1)(B).  Mr. Fields then filed a motion for extension of

his time to file a notice of appeal.  The district court granted this motion on June

24, allowing Mr. Fields an extension to file his notice of appeal until July 23,

---

[1]Mr. Fields named additional defendants, but he has not appealed the dismissal of his complaint against them.

thirty days later. Mr. Fields filed his notice of appeal on July 21, within that time period.

Unfortunately, the court did not have the authority to grant Mr. Fields an extension to that date. Under Fed. R. App. P. 4(a)(5)(C), an extension cannot exceed sixty days after the final judgment, or "10 days after the date when the order granting the motion is entered, whichever is later." Because the sixty day period had passed, the district court could only grant Mr. Fields an extension for up to ten days after the June 24th order. *See Certain Underwriters at Lloyds of London v. Evans*, 896 F.2d 1255, 1256-57 (10th Cir. 1990). Mr. Fields' notice of appeal is therefore untimely. *See id.* at 1257.

Mr. Fields arguably fits within the "unique circumstances" doctrine, however, which "permits an untimely appeal to go forward 'where a party has performed an act which, if properly done, would postpone the deadline for filing an appeal and has received specific assurance by a judicial officer that this act has been properly done.'" *Home & Family, Inc. v. England Resources Corp.*, 85 F.3d 478, 479 (10th Cir. 1996) (quoting *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 179 (1989)). Mr. Fields' motion for an extension of time was timely filed and from all appearances was properly done. Moreover, Mr. Fields did not request a thirty-day extension, and thus he did not invite the court's error. *Cf. Weitz v. Lovelace Health System, Inc.*, 214 F.3d 1175, 1179-1180 (10th Cir. 2000)

(refusing to apply unique circumstances doctrine noting that party had invited the error by requesting an extension the court had no authority to grant); *Certain Underwriters*, 896 F.2d at 1258 (refusing to apply unique circumstances doctrine where appellant requested a thirty-day extension although the Rules clearly stated a ten-day extension was the maximum allowable). Had the district court not assured Mr. Fields that he had thirty days from its June 24 order, but rather ten, Mr. Fields would have likely filed a timely notice of appeal.

Nevertheless, a plain reading of Fed. R. App. P. 4(a)(5)(c) notifies Mr. Fields that the district court was without authority to grant him the thirty-day extension. In such a situation, we have held that the unique circumstances doctrine will not apply. *See Weitz*, 214 F.3d at 1180 ("an extension of time granted by the court but clearly prohibited entirely by the Federal Rules does not constitute unique circumstances salvaging an untimely notice of appeal"). Moreover, Mr. Fields' pro se status does not affect our analysis. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 n.3 (10th Cir. 1991) (unique circumstances doctrine did not save pro se appellant's untimely notice of appeal). For this reason, Mr. Fields cannot avail himself of this "disfavored doctrine," *Home & Family*, 85 F.3d at 481, to salvage our jurisdiction over his appeal. *But see United States v. Heller*, 957 F.2d 26, 32 (1st Cir. 1992) (noting that for purposes of the unique circumstances doctrine, reliance by a pro se litigant on an

affirmative assurance by a judge may be reasonable where similar reliance by counsel is unreasonable); *Pinion v. Dow Chemical*, 928 F.2d 1522, 1533 n.11 (11th Cir. 1991) (noting in dicta that unique circumstances doctrine is more compelling in cases involving pro se litigants).

Even if Mr. Fields' pro se status and failure to invite the error converted his case into one of unique circumstances, we would affirm the district court's dismissal in any event. A complaint must be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Hunt v. Uphoff*, 199 F.3d 1220, 1223 (10th Cir. 1999).

As an arm of the state, the CDOC is immune from Mr. Fields' suit for money damages under the Eleventh Amendment, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988) (per curiam), and the action against the CDOC was therefore properly dismissed. The dismissal was also appropriate with respect to defendant Richardson because Mr. Fields failed to serve him with the complaint. Mr. Fields does not assert any excuse or legal theory that would bring Mr. Richardson within the jurisdiction of this court.

With respect to the macing incidents, a plaintiff is required to allege personal involvement or participation in the incident to successfully assert a section 1983 claim under the Eighth Amendment. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Mr. Fields argues that defendants were

"ultimately responsible" for ensuring his safety. As the district court noted, supervisor status, or "ultimate responsibility," is simply insufficient to support section 1983 liability. *See id.*

Finally, Mr. Fields' contention regarding the inhumane conditions at BCCF is an argument that the conditions of confinement violated his Eighth Amendment rights. *See, e.g.*, *Mitchell*, 80 F.3d at 1441. Although he alleges that defendants must have known or should have known of the inhumane conditions as they existed at BCCF, an allegation that they did in fact know of the conditions is required to state a valid section 1983 claim. *See Craig v. Eberly*, 164 F.3d 490, 495-96 (10th Cir. 1998) (to establish liability under § 1983 for violating an inmate's right to humane conditions of confinement, it is not enough to establish the official should have known of the risk of harm).[2]

In sum, because we are persuaded Mr. Fields failed to timely file a notice

---

[2]Although Mr. Fields makes additional allegations of error committed by the district court, he does not further address these issues in his brief other than to make his initial conclusory statements. Despite his pro se status, this court will not sift through Mr. Fields' brief in an attempt to construct legal arguments or theories for him. *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

of appeal, we **DISMISS** for lack of appellate jurisdiction.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge