**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 28, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

STEVEN J. KADONSKY,

    Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,
Department of Justice, John Does
1-10, Agents of the United States of
America,

    Defendant-Appellee.

No. 06-4170

District of Utah

(D.C. No. 2:98-CV-852-BSJ)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **EBEL**, and **McCONNELL**, Circuit Judges.

---

On September 28, 2004, the District Court for the District of Utah entered a

final judgment in favor of the United States in a civil suit brought against the

United States by Mr. Steven Kadonsky.  Mr. Kadonsky wishes to appeal the

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  This case is
therefore submitted without oral argument.  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

result, but the sixty-day deadline to file a timely notice of appeal under Fed. R. App. P. 4(a)(1)(B) expired on November 29, 2004. Mr. Kadonsky took no action before that date. Compliance with filing requirements is mandatory and jurisdictional. *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203 (1988). Consequently, we lack authority to entertain his appeal.

In the event a party misses the filing deadline, Fed. R. App. P. 4(a)(6) allows a court to "reopen the time to file an appeal for a period of 14 days," provided the moving party requests an extension within 180 days of the judgment. Mr. Kadonsky did not. Now he urges us to set aside Rule 4(a)'s deadlines altogether. The Rule, he contends, should be subject to equitable tolling.

Mr. Kadonsky directs this Court to the "unique circumstances" doctrine, which permits an untimely appeal to go forward (1) when a party has performed an act which, if properly done, "would postpone the deadline for filing an appeal" and (2) when the party "has received specific assurance by a judicial officer" that the act has in fact been properly done. *In re Home & Family, Inc.*, 85 F.3d 478, 479 (10th Cir. 1996) (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 179 (1989)).

The unique circumstances doctrine is disfavored, *id.* at 481, and its application to Rule 4(a) doubtful, *Certain Underwriters at Lloyds of London v. Evans*, 896 F.2d 1255, 1257 (10th Cir. 1990) ("Fed. R. App. P. 26(b) expressly prohibits extensions of time for filing notice of appeal beyond the time limits set

out in the rules."). Even if the doctrine is applicable here, however, Mr. Kadonsky could not claim its benefit. He failed to perform an act which, if properly completed, would have postponed the deadline for filing his appeal. *In re Home & Family*, *Inc.*, 85 F.3d at 479. Writing inquiring letters to the clerk of the court does not qualify. Nor can Mr. Kadonsky point to a single specific assurance given him by a judicial officer that the actions he took were sufficient to postpone the appeal deadline. *Id.*

Mr. Kadonsky argues, alternatively, that Rule 4(a) is unconstitutional, at least to the extent it denies him the ability to bring an appeal. But he did not raise this issue to the district court below, and we decline to consider it at this juncture. *O'Connor v. City and County of Denver*, 894 F.2d 1210, 1214 (10th Cir. 1990).

The filing deadlines of Fed. R. App. P. 4(a) cannot be waived. The judgment of the United States District Court for the District of Utah is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge